WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, (i) enjoining prosecution of the State Court Action against the Debtor Defendants; (ii) declaring the State Court Action void *ab initio* as against the Debtor Defendants; (iii) granting the Liquidating Trustee his costs and attorneys' fees incurred in connection with this Motion and other efforts to enforce the Plan Injunction with respect to the State Court Action; and grant such other and further relief as may be appropriate.

Dated: July 29, 2013
New York, New York

/s/ David H. Botter
AKIN GUMP STRAUSS HAUER & FELD LLP
David H. Botter
Sarah Link Schultz (*admitted pro hac vice*)
Ashleigh L. Blaylock
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

*Counsel to the Liquidating Trustee*

104810352

## Exhibit Index

Exhibit A .................................................................................................................... Proposed Order

Exhibit B ............................................................................................................. Lenane Declaration

Exhibit C ...................................................... First Summons with Notice in the State Court Action

Exhibit D.................................................................. Verified Complaint in the State Court Action

Exhibit E ................................................................................................................... April 30 Letter

Exhibit F................................................................................................................ Affidavits of Service

Exhibit G...................................................................................................................... June 7 Letter

Exhibit H ......................................................................... Menkes – Schultz Email Correspondence

Exhibit I ................................................................ Order to Show Cause in the State Court Action

Exhibit J ........................................................... Show Cause Affirmation in the State Court Action

## EXHIBIT A

**Proposed Order**

104810352

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In re:                                                              :        Chapter 11
                                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                                     :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,[1]                                     :
                                                                    :
                                    Debtors.                        :        Jointly Administered
                                                                    :
---------------------------------------------------------------- X

## ORDER ENFORCING THE PLAN INJUNCTION

Upon the motion (the "**Motion**"),[2] of Eugene I. Davis, as trustee (the "**Liquidating**

**Trustee**") of Saint Vincents Catholic Medical Centers of New York Liquidating Trust under the

*Debtors' Second Amended Joint Chapter 11 Plan*, dated as of June 21, 2012 (the "**Plan**"),

seeking entry of an order (i) enjoining the Plaintiff from taking any action to prosecute the State

Court Action against the Debtor Defendants; (ii) declaring as void *ab initio* the State Court

Action as against the Debtor Defendants; and (iii) awarding the Liquidating Trustee his costs and

attorneys' fees incurred in connection with this Motion and other efforts to enforce the Plan

Injunction, all as more fully set forth in the Motion; the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 12.1 of the Plan,

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the *Amended Standing Order*

*M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern*

*District of New York*, dated January 31, 2012 (Preska, Acting C.J.); and (c) notice of the Motion

---

[1] In addition to SVCMC, the Debtors in these cases were as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. (collectively, the "**Debtors**"). There are certain affiliates of SVCMC who were not Debtors.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

104810352

being sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED in its entirety.

2.     The Plaintiff is hereby enjoined from taking any action to prosecute the State Court Action against the Debtor Defendants.

3.     The State Court Action is hereby declared void *ab initio* as against the Debtor Defendants.

4.     The Liquidating Trustee is awarded his costs and attorneys' fees incurred in connection with the preparation of this Motion and all efforts by the Liquidating Trustee to enforce the terms of the Plan Injunction in connection with the State Court Action (including, without limitation, attorneys' fees incurred in communication with the Plaintiff and/or her attorneys).

5.     The Court shall retain jurisdiction over any and all issues arising from or related to this Order.

Dated:   August ____, 2013
         New York, New York

                                    _____
                                    THE HONORABLE CECELIA G. MORRIS
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

2

104810352

## EXHIBIT B

**Lenane Declaration**

104810352

AKIN GUMP STRAUSS HAUER & FELD LLP
David H. Botter
Sarah Link Schultz (admitted *pro hac vice*)
Ashleigh L. Blaylock
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel for the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

In re:                                              :    Chapter 11
                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                     :    Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,[1]                     :
                                                    :
                        Debtors.                    :    Jointly Administered
                                                    :
-------------------------------------------------------------- X

### DECLARATION OF TIMOTHY J. LENANE IN SUPPORT OF
### THE LIQUIDATING TRUSTEE'S MOTION TO ENFORCE THE PLAN INJUNCTION

I, Timothy J. Lenane, hereby declare under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, that the following is true and correct to the best of my knowledge, information and

belief:

1.      I am the Corporate Director of Claims (the "**Director**") for Post-Effective Date

Saint Vincents Catholic Medical Centers of New York ("**PED SVCMC**"). PED SVCMC

maintains offices at 450 West 33rd Street, Mezzanine Level, New York, NY 10001.

---

[1] In addition to Saint Vincents Catholic Medical Centers of New York ("**SVCMC**"), the Debtors in these cases were as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. (collectively, the "**Debtors**"). There are certain affiliates of SVCMC who were not Debtors.

2.      I have served as the Director since January 2010. My current duties as Director include, among others, determining the availability of insurance coverage for newly instituted actions against SVCMC, the Debtors and other related entities, assigning outside counsel where appropriate and monitoring the progress of said actions.

3.      I submit this declaration in support of the *Liquidating Trustee's Motion to Enforce the Plan Injunction* (the "**Motion**").[2]  I have personally reviewed a draft of the Motion and am familiar with the information contained therein.

4.      The statements in this declaration are, except where specifically noted, based on my personal knowledge or opinion, on information I received from PED SVCMC employees working directly with me or under my supervision, direction or control, or from SVCMC's records maintained in the ordinary course of business. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration of behalf of PED SVCMC.

5.      I understand that Elaine Garvey (the "**Plaintiff**"), as administratrix of the estate of Ronald Brophy (the "**Decedent**"), deceased, has initiated an action (the "**State Court Action**") in the Supreme Court of the State of New York, County of Kings against at least ten parties, including Holy Family Home and SVCMC.

6.      For the reasons discussed below, no insurance is available to cover the claims asserted in the State Court Action with regard to SVCMC or Holy Family Home.

7.      SVCMC sold Holy Family Home to KFG Operating Two, LLC during the Debtors' chapter 11 cases. The sale closed on January 20, 2012. Upon closing the sale, SVCMC terminated the insurance coverage it maintained for Holy Family Home for claims arising from,

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion.

among other things, medical malpractice and actions arising under New York Public Health Code section 2801-d (the "**HFH Policy**"). The HFH Policy's policy number was PJ 12154, it was issued by Queeksbrook Insurance Limited, and it expired on January 20 2012. The HFH Policy was a "claims made" policy, which covers claims that are made during the HFH Policy's term. The HFH Policy, however, did provide a grace period for claims that arose during the HFH Policy's term and were made within sixty (60) days of the HFH Policy's termination date of January 20, 2012. Accordingly, for claims to be paid under the HFH Policy, they must have been noticed no later than March 20, 2012. SVCMC did not purchase a tail policy for Holy Family Home.

8.      The SVCMC Professional Liability policy did not cover claims originating at SVCMC subsidiary facilities such as Holy Family Home.

9.      According to the Verified Complaint (annexed as Exhibit C to the Motion), the Decedent was a patient at Holy Family Home from March 25, 2010 through May 24, 2010 and subsequently from May 27, 2010 through June 6, 2010 and died on June 13, 2010. The Debtors' records, however, do not show that Holy Family Home ever put its carrier on notice of any claim having been made or asserted, or any event having been identified relating to the Decedent until PED SVCMC received a summons relating to the State Court Action in April 2013.

10.      I have been advised by bankruptcy counsel that no proof of claim was filed by the Plaintiff or the Decedent in the Debtors' Bankruptcy Court proceedings. Because notice of a potential claim was no received until more than one year after the expiration of the grace period to file a claim under the HFH Policy and SVCMC did not maintain coverage that would be available to cover claims asserted in the State Court Action, no insurance coverage is available under any policy currently or previously held by PED SVCMC or any of the Debtors.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct.

Dated:      New York, New York
             June 7, 2013

Timothy J. Lenane

4

## EXHIBIT C

**First Summons with Notice in the State Court Action**

Ackerman Court Service

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

Plaintiff,

-against-

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM HOME CARE,
METROPOLITAN JEWISH LHCSA, HOMEFIRST
LHCSA, INC., LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION, INC.,
HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC
MEDICAL CENTERS OF NEW YORK a/k/a SAINT
VINCENT CATHOLIC MEDICAL CENTERS a/k/a
SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,

Defendants.
------------------------------------------------------------------X

KINGS COUNTY CLERK
RECEIVED

2013 JAN -4  PM 3: 07

Index Number  218 — 2013
Date Filed       1 - 4 - 2013

Plaintiff designates KINGS
County as place of trial.
The basis of venue is plaintiff's
residence.

SUMMONS WITH NOTICE

To the above named Defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20 ) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
January 3, 2013

Sheryl R. Menkes
Attorney for Plaintiff
325 Broadway, Suite 504
New York, New York 10007
212-285-0900

Upon your failure to appear, judgment will be taken against you by default for the sum of TEN MILLION ($10,000,000.00) DOLLARS with interest from January 3, 2013 and the costs of this action.

Notice:        The nature of this action is Negligence, Gross Negligence, Nursing Home Abuse. The relief sough is monetary, compensatory, and punitive.

Defendants Address:

Lutheran Medical Center
150 55th Street
Brooklyn, NY 11220

Metropolitan Jewish Home Care, Inc.
440 Ninth Avenue, 14th Floor
New York, NY 10001

Metropolitan Jewish Home Care, Inc.
6323 Seventh Avenue
Brooklyn, NY 11220

Metropolitan Jewish Long Term Home Care
6405 Seventh Avenue
Brooklyn, NY 11220

Metropolitan Jewish LHCSA
6323 7th Avenue
Brooklyn, NY 11220

Homefirst LHCSA, inc.
6323 Seventh Avenue
Brooklyn, NY 11220

Lutheran Augustana Center for Extended Care & Rehabilitation, Inc.
5434 Second Avenue
Brooklyn, NY 11220

Holy Family Home
450 West 33rd Street
Mezzanine Level
New York, NY 10001

St. Vincent's Catholic Medical Centers of New York
450 West 33rd Street
Mezzanine Level
New York, NY 10001

Saint Vincent Catholic Medical Centers
450 West 33rd Street
Mezzanine Level
New York, NY 10001

SVCMC-St. Vincents Manhattan
450 West 33rd Street
Mezzanine Level
New York, NY 10001

Bensonhurst Center for Rehabilitation and Healthcare
1740 84th Street
Brooklyn, NY 11214

KFG Operating Two, LLC
1740 84th Street
Brooklyn, NY 11214

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------------------------X

ELAINE GARVEY, administratrix of the Estate of
RONALD BROPHY, deceased,

    Plaintiff(s),

 -against-

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM HOME CARE,
METROPOLITAN JEWISH LHCSA, HOMEFIRST
LHCSA, INC., LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION, INC..
HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC
MEDICAL CENTERS OF NEW YORK a/k/a SAINT
VINCENT CATHOLIC MEDICAL CENTERS a/k/a
SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,

    Defendant(s).

----------------------------------------------------------------------------------X

## SUMMONS WITH NOTICE

SHERYL R. MENKES, ESQ.
Attorney for Plaintiffs
325 BROADWAY, SUITE 504
NEW YORK, NEW YORK 10007
(212) 285-0900
(212) 658-9408 - Fax

## EXHIBIT D

### Verified Complaint in the State Court Action

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

**Index Number: 218/2013**

Plaintiff,

-against-

**VERIFIED COMPLAINT**

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM HOME CARE, METROPOLITAN
JEWISH LHCSA, HOMEFIRST LHCSA, INC.,
LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION, INC..
*LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE
AND REHABILITATION,* HOLY FAMILY HOME,
ST. VINCENT'S CATHOLIC MEDICAL CENTERS
OF NEW YORK a/k/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,

Defendants.

-----------------------------------------------------------------------X

Plaintiff, by his attorney, SHERYL R. MENKES. Complaining of the defendants,

upon information and belief respectfully alleges as follows:

1. At all times hereinafter mentioned, decedent RONALD BROPHY was a resident

of the County of Brooklyn, State of New York.

2. At all times hereinafter mentioned defendant LUTHERAN MEDICAL

CENTER is a corporation existing under and by virtue of the laws of the State of New

York, having its principal place of business located at 150 55TH STREET

BROOKLYN, NEW YORK, 11220.

-1-

3. Prior to and at all times hereinafter mentioned, defendant METROPOLITAN JEWISH HOME CARE, INC., was and still is a domestic corporation existing under and by virtue of the laws of the State of New York, having its principal place of business at 440 9TH Avenue, New York, New York 10001 and branch offices located at 6323 Seventh Avenue, Brooklyn, New York 11220, and 6405 Seventh Avenue, Brooklyn, New York 11220.

4. Prior to and at all times hereinafter mentioned, defendant METROPOLITAN JEWISH HOME CARE, INC., was authorized to do business and operate a Home Health Agency, Certified by the State of New York known as METROPOLITAN JEWISH HOME CARE, INC. .

5. Prior to and at all times hereinafter mentioned, defendant METROPOLITAN JEWISH HOME CARE, was authorized to do business as a Long Term Home Health Care Program known as METROPOLITAN JEWISH LONG TERM HOME CARE with its principal place of business located at 6405 Seventh Avenue, Brooklyn, New York 11220.

6. Prior to and at all times hereinafter mentioned, defendant METROPOLITAN JEWISH LONG TERM HOME CARE, was an agent of METROPOLITAN JEWISH HOME CARE, INC.

7. Prior to and at all times hereinafter mentioned, defendant METROPOLITAN JEWISH HOME CARE, INC., was doing business as METROPOLITAN JEWISH LONG TERM HOME CARE.

8. At all times hereinafter mentioned, defendant HOMEFIRST LHCSA, INC. was a domestic corporation duly existing under and by virtue of the laws of the State of New

-2-

York, having its principal place of business at 6323 Seventh Avenue, Brooklyn, New York
11220 and the operator of METROPOLITAN JEWISH LHCSA located at 6323 Seventh
Avenue, Brooklyn, New York 11220.

9. Prior to and at all times hereinafter mentioned, defendant METROPOLITAN
JEWISH LHCSA. was a Home Care Services Agency licensed by the State of New York,
having its principal place of business at 6323 Seventh Avenue, Brooklyn, New York
11220.

10. Prior to and at all times hereinafter mentioned, defendant HOMEFIRST
LHCSA, INC., was doing business as METROPOLITAN JEWISH LHCSA located at
6323 Seventh Avenue Brooklyn, New York 11220.

11. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
was a domestic corporation existing under and by the virtue of the laws of the State of
New York having its principal place of business at 5434 Second Ave., Brooklyn, New
York 11220, and operator of a nursing home facility known as LUTHERAN AGUSTANA
CENTER FOR EXTENDED CARE AND REHABILITATION INC., located at 5434
Second Avenue, Brooklyn New York 11204..

12. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
was a nursing home facility licensed by the State of New York, with its principal place of
business, at 5434 Bath Avenue, and was operated by LUTHERAN AGUSTANA
CENTER FOR EXTENDED CARE, INC.,

-3-

13. Prior to and at all times hereinafter mentioned, defendant ST. VINCENT'S
CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT'S
CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENT'S MANHATTAN, was
a not for profit domestic corporation existing under and by virtue of the laws of the State
of New York, having its principal place of business at 450 West 33rd Street New York,
New York 10001.

14. Prior to and at all times hereinafter mentioned, defendant ST. VINCENT'S
CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT
CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN
operated a nursing home facility  known as HOLY FAMILY HOME having its principal
place of business located at 1740 Bath Avenue, Brooklyn , New York 11214.

15. Prior to and at all times hereinafter mentioned, defendant HOLY FAMILY
HOME was licensed by the State of New York to operate as a nursing home facility with
its principal place of business located at 1740 84th Street Brooklyn, New York 11214.

16. Prior to and at all times hereinafter mentioned, KFG OPERATING TWO LLC,
was a domestic limited liability corporation existing under and by virtue of the laws of the
State of New York having its principal place of business at 141-16 72ND AVENUE
FLUSHING, NEW YORK, 11367, and was operating a nursing home facility known as
BENSONHURST CENTER FOR REHABILITATION AND HEALTHCARE. .

17. At all times hereinafter BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE was licensed by the State of New York to operate as a nursing
home with its principal place of business located at 1740 84th Street, Brooklyn, New York
11214.

-4-

18. Decedent is represented in the herein action by his daughter ELAINE

GARVEY, administrator of his estate.

19. This action falls within one or more of the exceptions as set forth in CPLR

Sections 1602, 1602(1), 1602(2), 1602(3), 1602(4) 1602(5), 1602(6), 1602(7), 1602(80,

1602(9), 1602(10), 1602(11), and 1602(12) of the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO NEW YORK PUBLIC HEALTH LAW §§2801-d AND 2803-c

## LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.

20. Prior to and at all times hereinafter mentioned defendant LUTHERAN

AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,

was authorized to do business as and to operate a nursing home facility at 5434 Second

Avenue, Brooklyn, New York 11220.

21. Prior to and at all times hereinafter mentioned defendant LUTHERAN

AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC. was

doing business as a nursing home known LUTHERAN AUGUSTANA CENTER FOR

EXTENDED CARE AND REHABILITATION, INC. located at at 5434 Second Avenue,

Brooklyn, New York 11220.

22. Prior to and at all times hereinafter mentioned, defendant LUTHERAN

AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,

INC., owned a nursing home facility located at 5434 Second Avenue, Brooklyn, New

York 11208.

23. Prior to and at all times hereinafter mentioned, defendant LUTHERAN

AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., ,

-5-

operated a nursing home facility located at 5434 Second Avenue,. Brooklyn, New York
11208.

24. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
INC., was the lessor of a nursing home facility located at 5434 Second Avenue. Brooklyn,
New York 11208.

25. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
maintained a nursing home facility located at 434 Second Avenue. Brooklyn, New York
11208.

26. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
managed a nursing home facility located at 434 Second Avenue, Brooklyn, New York
11208.

27. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
supervised a nursing home facility located at 434 Second Avenue, Brooklyn, New York
11208.

28. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
INC., inspected a nursing home facility located at 434 Second Avenue, Brooklyn, New
York 11208.

29. Prior to and at all times hereinafter mentioned, defendant LUTHERAN

-6-

AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., controlled a nursing home facility located at 434 Second Avenue, Brooklyn, New York 11208.

30. Prior to and at all times hereinafter mentioned defendant LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., had possession and/or control of the building located at 434 Second Avenue, Brooklyn, New York, 11208, the building where the nursing home is located.

31. Prior to and at all times hereinafter mentioned, defendant LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., INC., conducted business as a nursing home facility at 434 Second Avenue. Brooklyn, New York 11208, licensed by the State of New York and defined under New York Public Health Law Section 2801(2).

32. Prior to and at all times hereinafter mentioned, defendant LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., was the lessee of a nursing home facility located at 434 Second Avenue, Brooklyn, New York 11208.

33. Prior to and at all times hereinafter mentioned, defendant LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., conducted business as a residential health care facility at 434 Second Avenue. Brooklyn, New York 11208, licensed by the State of New York and defined under New York Public Health Law Section 2801(3).

34. Prior to and at all times hereinafter mentioned, defendant LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., had

-7-

possession and/or control of the building located at 434 Second Avenue Brooklyn, New
York 11208.

35. Prior to and at all times herein after mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, was a
facility providing therein nursing care to sick, invalid, infirm disabled or convalescent
persons in addition to lodging and board or health related services pursuant to New York
Public Health Law Section 2801(2).

36. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
was a nursing home as within the meaning of Public Health Law Section 2801(2).

37. Prior to and at all times hereinafter mentioned, defendant LUTHERAN
AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,
was a residential health care facility within the meaning of Public Health Law Section
2801(3).

38. Prior to and at all times hereinafter mentioned, defendants' nursing home was a
facility subject to provisions of Public Health Law Sections 2801-d; 2803-c; as well as the
rules and regulations set forth in 42 U.S.C. Section 1395(I) et seq., 1396( r ) (1990) et. seq.
as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA Regulations) 42
Code of Federal Regulations Parts 483, setting Medicare and Medicaid Requirements for
long term facilities ("OBRA" regulations) as effective October 1, 1990 and 10 N.Y.C.R.R.
Part 415.

39. Prior to and at all times hereinafter mentioned, the nursing home operated by
defendants and/or corporate defendants was a "nursing facility" as defined by 42 U.S.C.A

-8-

Section 1396( r) (1990).

40. Prior to and at all times hereinafter mentioned, defendants' nursing home was a licensed nursing home as such term is understood in law, and it filed its licensure application and renewals thereto with the State of New York Department of Health.

41. Prior to and at all times hereinafter mentioned, defendants' nursing home was certified for participation in the Medicaid Program as an intermediate skilled care facility.

42. Prior to and at all times hereinafter mentioned, by reason of selection to participate as a long term care provider, defendants were able to enjoy substantial revenues paid for by tax fare funded government programs.

43. Prior to and at all times hereinafter mentioned, the aforementioned government programs provided defendants with a guaranteed source of income and a continual flow of residents whose care was paid for by the Medicaid Program or some other tax payer funded program.

44. Prior to and at all times hereinafter mentioned, defendant LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION , INC., actively sought patients with similar medical needs as plaintiff/decedent RONALD BROPHY in order to fill its empty beds, increase its rate of occupancy and overall revenues.

45. Prior to and at all times hereinafter mentioned plaintiff/decedent RONALD BROPHY was the kind of resident whose care paid for by the government, defendants actively sought in order to fill their empty beds and to increase their rate of occupancy.

46. At all times relevant to this Complaint defendant, LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC., was a proprietary

corporation engaged in the for profit operation of a nursing home, LUTHERAN

AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.,

which claimed to "specialize" in the care of helpless individuals who are chronically

infirm, mentally dysfunctional and/or in need of nursing care and treatment.

47. Prior to and at all times hereinafter mentioned, in an effort to ensure that

RONALD TROPHY and other patients whose care was funded by the government were

placed at Defendant Nursing Home, defendants held themselves out to the New York

Department of Health, the New York Dept. Of Social Services, and the public at large as

being:

    (a)    Skilled in the performance of nursing, and other medical support services;
    (b)    Properly staffed, supervised and equipped to meet the total needs of its
           nursing home resident;
    (c)    Able to specifically meet the total nursing, medical and physical therapy
           needs of Plaintiff/Decedent and other residents like her.

48. Additionally, in the case of plaintiff/decedent RONALD TROPHY, said

defendants made specific representations to plaintiff regarding the quality and quantity of

professional medical and nursing care upon which the family of plaintiff/decedent

RONALD TROPHY placed their trust in said defendants.

49. At all times relevant to this complaint, defendants their principals, supervisors,

agents, offices, employees, independent medical personnel, independent contractors,

and/or JOHN/ JANE DOE Administrator; JOHN/JANE DOE Assistant Administrator;

JOHN/JANE DOE Director of Nursing; JOHN JANE DOE Assistant Director of Nursing;

JOHN/JANE DOE Medical Director; JOHN/JANE DOE Assistant Medical Director, or

any or all of the corporate defendants stockholders, employees independent medical

personnel or independent contractors of Defendant Nursing Home, all well aware of

-10-