Case 1:13-cv-06902-PKC   Document 16-10   Filed 05/16/14   Page 1 of 29
10-11963-cgm   Doc 3626-5   Filed 07/29/13   Entered 07/29/13 14:57:27   Exhibit D -
part 2   Pg 10 of 16

MEDICAL CENTER, all to her damage in a sum in excess of the jurisdictional limits of

the lower courts of the State of New York.

181. That at all times hereinafter mentioned defendant, METROPOLITAN

JEWISH HOME CARE, INC. was a domestic corporation duly organized and existing

under and by the virtue of the laws of the State of New York.

182. That at all times hereinafter mentioned, defendant METROPOLITAN

JEWISH HOME CARE, INC., owned, operated, managed and controlled a certain

certified home Health Agency known as METROPOLITAN JEWISH HOME CARE,

INC., which offered home care for the treatment of the sick and ailing in the County of

Kings, City and State of New York, and as such held itself out as duly qualified to render

proper and adequate medical, hospital and surgical services to members of the general

public, including plaintiff/decedent.

183. That on or about 12/16/09-2/1/10n plaintiff's/decedent came under the care

and treatment of defendant herein at METROPOLITAN JEWISH HOME CARE INC..

184. That the defendants, their agents, servants and/or employees failed in their

care and treatment of plaintiff to treat and care for him in accordance with the standards of

care and treatment of plaintiff, approved methods in general and to use reasonable care

and skill and to use their best judgment in the care and treatment of this plaintiff.

185. That defendants by their agents servants and/or employees were negligent,

reckless and careless in causing and permitting harm to be done to the plaintiff; in their

failure to perform the appropriate and necessary treatment for the illness for which

plaintiff was suffering; that said treatment and services provided to plaintiff was not in

-37-

accordance with the proper practice that is generally recognized in this community; in that there was a departure from the generally accepted community standards of nursing; in that the defendants committed malpractice; in failing to hire competent personnel; in failing to properly train its personnel; in failing to properly supervise said personnel; in failing in defendants' duty of reasonable care; in failing to abide by custom and practice in a manner so as to prevent the contingency and/or complications which herein occurred; in failing to treat and care for the plaintiff in a careful and skillful manner; in negligently failing to monitor plaintiff; in abandoning plaintiff; and the defendants , its agents servants and/or employees were in other ways negligent reckless and careless in permitting plaintiff/defendant to suffer disintegration of pressure ulcers, formation of pressure ulcers, formation of contracture deformities, in inappropriately releasing plaintiff/decedent.

186. As a direct and proximate breach of the Defendant METROPOLITAN JEWISH HOME CARE  INC.. as aforesaid, plaintiff/decedent has suffered personal injuries including, but not limited to, physical and emotional injuries, costs for treatment of such injuries, pain and suffering, and other consequential damages.  Defendant METROPOLITAN JEWISH HOME CARE  INC..is liable to the plaintiff/decedent for damages.

187. That the plaintiff/decedent was caused, permitted and allowed to suffer extensive and severe personal injuries, conscious pain and suffering, medical and hospital expenses as a result of the carelessness and negligence of the defendant METROPOLITAN JEWISH HOME CARE  INC.. all to her damage in a sum in excess of the jurisdictional limits of the lower courts of the State of New York

-38-

Case 1:13-cv-06902-PKC  Document 16-10  Filed 05/16/14  Page 3 of 29
10-11963-cgm  Doc 3626-5  Filed 07/29/13  Entered 07/29/13 14:57:27  Exhibit D -
part 2  Pg 12 of 16

## AS AND FOR A SEVENTH CAUSE
## OF ACTION FOR WRONGFUL DEATH

188. Plaintiff repeats and re-alleges each and every allegation contained in the
paragraphs of this Complaint herein with the same force and effect as if the same were set
more fully and at length herein.

189. As a direct and proximate result of every Defendants' negligence, malpractice,
neglect, misrepresentations, statutory violations or other misconduct as described herein,
plaintiff's/decedent was harmed, including permanent and debilitating injuries and,
ultimately, death.

190. These injuries caused plaintiff's/decedent extensive conscious pain, conscious
suffering, severe emotional distress, and substantially reduced his ability to enjoy life.

191. As a direct and proximate result of Defendants' negligence, malpractice,
misrepresentations, statutory violations or other misconduct as described herein,
plaintiff's/decedents was injured in health, strength, and activity, and suffered physical
injuries as well as mental anguish until her death on xxx, all to plaintiff's/decedent's
general damage.  In addition, plaintiff's/decedent was rendered sick, sore, lame and
disabled, both internally and externally, ultimately resulting in his death. All of said
injuries caused plaintiff's/decedent intense anxiety, distress, fear, conscious suffering, and
distress during his life, secondary to the physical injury and damages.

192. By reason of the foregoing plaintiff/decedent Ronald TROPHY left surviving
next of kin and distributees.

193. As a direct and proximate result of Defendants' negligence, statutory
violations and malpractice, the distributees of RONALD TROPHY has incurred financial

-39-

obligations for the costs funeral and burial expenses and other expenses..

194. As a result fo the foregoing plaintiff/decedent RONALD BROPHY'S
surviving next of kin and distributees became liable for and expended money for funeral

195. As a result of the foregoing, plaintiff's/decedent RONALD BROPHY'S
surviving next of kin and distributees suffered pecuniary damages.

196. As a result of the foregoing plaintiff's/decedent RONALD BROPHY'S
surviving next of kin and distributees sustained all other damages allowed by law.

197. As a result of the foregoing, plaintiff's/decedent RONALD BROPHY'S
surviving next of kin and distributees have been damaged in the sum greater than the
jurisdictional limits of the lower courts.

WHEREFORE, plaintiff demands judgment against the defendants herein for such
monetary relief or other relief as shall be called for by the proof and to be awarded by the
Court and/or jury; the amount of damages sought herein exceeds the jurisdictional limits
of all lower Courts which might otherwise have jurisdiction herein; punitive damages
pursuant to PHL Section 2801-d(2); attorney fees pursuant to PHL Section 2801-d(6);
interest; costs and disbursements of this action.

DATED:     NEW YORK, NEW YORK
           May 14, 2013

Yours etc.,

Sheryl R. Menkes
Attorney for Plaintiff
325 Broadway Suite 504
New York, New York 10007
(212) 285-0900

-40-

TO:   **DOMINGO R. GALLARDO**
ATTORNEY FOR LUTHEERAN
AUGUSTANA CENTER FOR
EXTENDED CARE AND REHABILITATION, INC.
100 Jericho Quadrangle Suite 326
Jericho, New York 11753.
516-931-1800
File No.: 10-1416


**MARGARET O'CONNOR, ESQ**
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York 10595
914-449-1000

**JEFFREY B. ARATEN**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICK LLP
ATTORNEYS FOR DEFENDANT
LUTHERAN MEDICAL CENTER
150 East 42nd Street
New York, New York 10017-5639
212-490-3000

## VERIFICATION

Sheryl R. Menkes, Esq., an attorney duly admitted to practice law in the State of New
York, makes the following affirmation under the penalty of perjury:

I am the attorney of record for the plaintiff.

I have read the foregoing **Verified Complaint** and know the contents thereof; the same is
true to my own knowledge except as to the matters therein stated to be alleged on information
and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because he/she is not in the
County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge
are correspondence had with the said plaintiff, information contained in the said plaintiff's file,
which is in affirmant's possession, and other pertinent data relating thereto.

Dated:       New York, New York
             May 16, 2013


                                                    Sheryl R. Menkes

Index No.:218/2013
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

ELAINE GARVEY, administratrix of the Estate of
RONALD BROPHY, deceased,

                Plaintiff(s),

   -against-

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM HOME CARE, METROPOLITAN
JEWISH LHCSA, HOMEFIRST LHCSA, INC.,
LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION, INC.,
*LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE
AND REHABILITATION,* HOLY FAMILY HOME,
ST. VINCENT'S CATHOLIC MEDICAL CENTERS
OF NEW YORK a/k/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,

               Defendant(s).

-------------------------------------------------------------------X

## VERIFIED COMPLAINT

SHERYL R. MENKES, ESQ.
Attorney for Plaintiffs
325 BROADWAY, SUITE 504
NEW YORK, NEW YORK 10007
(212) 285-0900
(212) 658-9408 -Fax

## EXHIBIT E

### April 30 Letter

104810352

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

▬▬▬▬▬▬▬▬▬▬▬ Attorneys at Law

**SARAH LINK SCHULTZ**
214.969.4367/fax: 214.969.4343
sschultz@akingump.com

April 30, 2013

## VIA OVERNIGHT DELIVERY

Sheryl R. Menkes
325 Broadway, Suite 504
New York, New York 10007

Re:  *Elaine Garvey, administratrix of the Estate of Ronald Brophy, deceased v. Lutheran Medical Center, et al.*
**Index No.: 218-2013**

Dear Ms. Menkes:

This firm represents Eugene I. Davis in his capacity as liquidating trustee (the "Liquidating Trustee") of the Saint Vincents Catholic Medical Centers of New York Liquidating Trust (the "Liquidating Trust"), the successor in interest to Saint Vincents Catholic Medical Centers of New York ("SVCMC"). I am in receipt of the summons in the above entitled action dated January 4, 2013. I understand that your firm has initiated an action (the "Litigation") on behalf of Elaine Garvey, as administratrix of the Estate of Ronald Brophy against, among others, St. Jerome's Heath Services Corporation d/b/a Holy Family Home and SVCMC.

On April 14, 2010 (the "Petition Date"), SVCMC and certain affiliated debtors— including Holy Family Home—(collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' bankruptcy cases are being jointly administered under Case Number 10-11963 (CGM) before the Honorable Chief Bankruptcy Judge Cecilia G. Morris. Upon the filing of the Debtors' chapter 11 petitions, Bankruptcy Code section 362 automatically stayed, *inter alia*, "the commencement . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement [of the bankruptcy]" (the "Automatic Stay"). See 11 U.S.C. § 362(a)(1).

On June 29, 2012, the Bankruptcy Court entered an order [Docket No. 3060] (the "Confirmation Order") confirming the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

**■■■■■■■■■■■■■■■■■■■■■■** Attorneys at Law

Sheryl R. Menkes
April 30, 2013
Page 2

No. 3035] (together with all supplements thereto, the "Plan").[1] The Plan became effective by its terms on June 29, 2012 (the "Effective Date"). Pursuant to section 11.3 of the Plan, the Automatic Stay remains in effect after the Effective Date and until such time as the Debtors' chapter 11 cases are closed. See Plan at § 11.3. Moreover, with certain exceptions detailed in the Plan, section 11.5 of the Plan permanently enjoins all claims and actions against the Debtors that arose before the Effective Date (the "Plan Injunction"). See Plan at § 11.5.

Please be advised that commencement of the Litigation against SVCMC was a direct violation of the Automatic Stay and is further barred and enjoined by the Plan Injunction. Moreover, because your client failed to submit a timely proof of claim by the applicable Bar Date,[2] please be advised that, on the Effective Date, Bankruptcy Code section 1141(d) and section 11.4 of the Plan discharged all potential causes of action, including the Litigation, that arose before the Effective Date against the Debtors. The Liquidating Trustee therefore requests that your client immediately withdraw the Litigation as against SVCMC and provide evidence of such withdrawal by May 7, 2013.

If you refuse to withdraw the Litigation and continue to pursue the Litigation against SVCMC, the Liquidating Trustee reserves the right to proceed against your client and enforce its rights under the Automatic Stay and the Plan, including requesting injunctive relief and/or seeking to hold your client in civil contempt. To the extent that the Liquidating Trustee obtains a

---

[1] Copies of the Debtors' bankruptcy petitions, the Plan, Confirmation Order, and any other pleadings referenced in this letter may be obtained, free of charge, from the Debtors' website on http://www.svcmcrestructuring.com.

[2] On August 20, 2010, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 773] (the "Bar Date Order"), which established October 12, 2010 as the deadline for filing proofs of claim in these chapter 11 cases. In addition, the Bankruptcy Court has established three administrative claim bar dates. On July 1, 2011, the Bankruptcy Court entered the *Order (I) Fixing of a Deadline for the Filing of Administrative Expense Claims that Arose, Accrued, or Otherwise became Due and Payable on and Between April 14, 2010 and May 31, 2010, and (II) Approval of the Form and Manner of Notice in Connection Therewith* [Docket No. 1775] (the "First Administrative Claim Bar Date Order"). The First Claim Administrative Bar Date Order established August 2, 2011 as the deadline for filing administrative claims that accrued between the Petition Date and May 31, 2011. On July 1, 2011, the Bankruptcy Court entered the *Second Order (I) Fixing of a Deadline for the Filing of Administrative Expense Claims that Arose, Accrued, or Otherwise Became Due and Payable on and Between June 1, 2011 and April 30, 2012, and (II) Approval of the Form and Manner and Notice in Connection Therewith* [Docket No. 2860] (the "Second Administrative Claim Bar Date Order"). The Second Administrative Claim Bar Date Order established May 22, 2012 as the deadline for filing administrative claims that accrued between June 1, 2011 and April 30, 2012. Finally, as part of the Plan confirmation process, the Court established July 30, 2012 as the deadline for filing administrative expense claims incurred between May 1, 2012 and the Effective Date. *See* Plan at § 2.1; *Order Confirming Debtors' Second Amended Joint Chapter 11 Plan* at ¶ 6(a) [Docket No. 3060].

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━━━━━━━ Attorneys at Law

Sheryl R. Menkes
April 30, 2013
Page 3

contempt judgment, the Bankruptcy Court may impose compensatory damages, attorneys' fees, court costs, and punitive damages.[3]

Please contact me immediately at (214) 969-4367 if you have any questions regarding this matter.

Sincerely,

*Sarah Link Schultz*

Sarah Link Schultz

cc:    Eugene I. Davis, Liquidating Trustee, SVCMC Liquidating Trust
       Jennifer Coffey, General Counsel, Post-Effective Date SVCMC

---

[3] *See, e.g., Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir. 1976), cert. denied, 429 U.S. 1093 (1977); *see also Cuffee v. Atlantic Bus. & Cmty. Dev. Corp. (In re Atlantic Bus. & Cmty. Dev. Corp.),* 901 F.2d 325, 329 (3d Cir. 1990); *Budget Serv. Co. v. Better Homes of Va.,* 804 F.2d 289 (4th Cir. 1986); In re Carter, 691 F.2d 390 (8th Cir. 1982).

# EXHIBIT F

### Affidavits of Service

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
                                          :
In re:                                    :            Chapter 11
                                          :
SAINT VINCENTS CATHOLIC MEDICAL           :            Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,[1]           :
                                          :            Jointly Administered
            Debtors.                      :
                                          :            Ref. Docket No. 1775
----------------------------------------------------------------------x

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK     )

PANAGIOTA MANATAKIS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757
   Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not
   a party to the above-captioned action.

2. I caused to be served the:

    a. "Order (I) Fixing of a Deadline for the Filing of Administrative Expense Claims that
       Arose, Accrued, or Otherwise Became Due and Payable on and Between April 14,
       2010 and May 31, 2011, and (II) Approval of the Form and Manner of Notice In
       Connection Therewith," dated July 1, 2011 [Docket No. 1775], (the "Administrative
       Bar Date Order"), and

    b. "Notice of Deadline for Filing of Administrative Expense Claims that Arose,
       Accrued, or Otherwise Became Due and Payable on and Between April 14, 2010 and
       May 31, 2011," dated July 7, 2011, *related to Docket No. 1755,* annexed hereto as
       Exhibit A, (the "Administrative Bar Date Notice"),

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii)
Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort
Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home,
Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation
d/b/a Holy Family Home; and (viii) and SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC
who are not Debtors.

T:\Clients\SV2\Affidavits\Admin Bar Date Order, Admin BDN_Dl 1775_UNREDACTED AFF_7-7-8-11.docx

by causing true and correct copies of the:

      i.    Administrative Bar Date Order and Administrative Bar Date Notice, to be delivered via electronic mail to the Special Service List, parties identified on the annexed Exhibit B, the General Service List, parties identified on the annexed Exhibit C, on July 7, 2011,

      ii.    Administrative Bar Date Order and Administrative Bar Date Notice, to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to the Special Service List, parties identified on the annexed Exhibit D, the General Service List, parties identified on the annexed Exhibit E, on July 7, 2011, and

      iii.   Administrative Bar Date Notice, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to the Additional Parties, identified on the annexed Exhibit F, on July 8, 2011.

3. All items served by mail or overnight courier included the following legend affixed on the envelope: "LEGAL DOCUMENTS ENCLOSED: PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Panagiota Manatakis

Sworn to before me this
18th day of July, 2011

Notary Public

PANAGIOTIS CARIS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01CA6237515
COMM. EXP. MARCH 21, 2015

-2-

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                                    :
In re:                                              :        Chapter 11
                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                     :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,                        :
                                                    :
                                      Debtors.      :        Jointly Administered
                                                    :
-------------------------------------------------------------------- X

### NOTICE OF DEADLINE FOR FILING OF ADMINISTRATIVE
### EXPENSE CLAIMS THAT AROSE, ACCRUED, OR OTHERWISE BECAME
### <u>DUE AND PAYABLE AFTER APRIL 14, 2010 THROUGH MAY 31, 2011</u>

TO ALL CREDITORS, PARTIES IN INTEREST AND GOVERNMENTAL UNITS THAT MAY HAVE AN
ADMINISTRATIVE EXPENSE CLAIM AGAINST SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF
NEW YORK ("**SVCMC**") OR ITS AFFILIATED ENTITIES[1] (COLLECTIVELY, THE "**DEBTORS**") THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

           PLEASE TAKE NOTICE, that the United States Bankruptcy Court for the Southern District of
New York (the "**Bankruptcy Court**") has entered an order dated
July 1, 2011 [Docket No. 1775] (the "**Administrative Bar Date Order**") establishing
**August 2, 2011 at 4:00 p.m.** (prevailing Eastern Time) (the "**Administrative Bar Date**") as the last date and time
for certain persons or entities (including, without limitation, individuals, partnerships, joint ventures, corporations,
estates, and trusts) to file requests for allowance and payment of administrative claims against the Debtors for the
period after April 14, 2010 through May 31, 2011 (the "**Administrative Expense Period**"), including claims
entitled to priority in accordance with sections 503(b) and 507(a) of the Bankruptcy Code (the "**Administrative
Expense Claims**"). Such Administrative Expense Claims will be deemed filed only when they are actually
received. With respect to any Administrative Expense Claims that arose, accrued, or otherwise became due and
payable <u>on or after June 1, 2011</u>, the Court will fix a supplemental bar date. You will receive notice of that date at
a later time.

### 1.    WHO MUST FILE A PROOF OF ADMINISTRATIVE CLAIM

           If you have an administrative expense claim that: (a) arose under 11 U.S.C. §§ 503(b) and
507(a)(1), (b) after April 14, 2010 through May 31, 2011, and (c) is not one of the types of claims described in
section 2 below, you MUST timely file a request for allowance and payment of such claims to share in distributions
from the Debtors' bankruptcy estates. Administrative expense claims based on acts or omissions of the Debtor that
occurred after April 14, 2010 through May 31, 2011 must be filed on or prior to the Administrative Bar Date even if
such claims are not now fixed, liquidated or certain, or did not mature or become fixed or liquidated or certain
before May 31, 2011.

           Under 11 U.S.C. § 101(5) and as used herein, the word "claim" means: (a) a right to payment,
whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis
J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing
Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth
Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii)
SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 503 defines administrative expense claims, in part, as "all necessary costs and expenses" of preserving the debtor's estate, including wages, salaries and commissions (and any taxes withheld from such wages, salaries or commissions)." By way of example, if you: (a) supplied goods or services to the Debtor, (b) during the period after April 14, 2010 through May 31, 2011, and (c) have not been paid for those goods or services, then you may have an administrative claim. If you provided goods or services on or before April 14, 2010, then you may not have an administrative claim for those goods or services, Please consult your legal advisor if you have any uncertainty as to whether your proposed claim may constitute an administrative claim. The preceding explanation is intended to provide guidance, not to serve as legal advice.

2.     **ENTITIES THAT DO NOT NEED TO FILE A PROOF OF ADMINISTRATIVE CLAIM**

Notwithstanding the foregoing, at this time, you need not file a proof of administrative claim on or before the Administrative Bar Date if you are:

(a)     Any person or entity that holds an Administrative Expense Claim that has been allowed by an order of the Bankruptcy Court entered on or before the Administrative Bar Date;

(b)     Any Administrative Expense Claim which arose, accrued, and otherwise becomes due and payable subsequent to the Administrative Bar Date;

(c)     Any holder of an Administrative Expense Claim who prior to the Administrative Bar Date filed a proof of Administrative Expense Claim with the Clerk of the Bankruptcy Court;

(d)     Any Administrative Expense Claim held by the Office of the United States Trustee under section 1930(a)(6) of title 28, United States Code;

(e)     Any Professionals retained by the Debtors or the unsecured creditors committee under Court order pursuant to sections 327, 328, 330, 331, or 1103 of the Bankruptcy Code;

(f)     Any Administrative Expense Claim held by General Electric Capital Corporation or any other party arising out of the DIP credit agreement or the prepetition credit agreement under which General Electric Capital Corporation served as agent;

(g)     Any Administrative Expense Claim held by the Debtors' officers, directors, and crisis managers;

(h)     Any Manhattan Hospital Tail Claim or Westchester Hospital Tail Claim [As defined in the motion found at Docket No. 1710];

(i)     Any claim arising from the Settlement Agreement Between and Among Saint Vincents Catholic Medical Centers of New York and The Committee of Interns and Residents/SEIU and Certain Physicians and Nurse Practitioners as approved by the Order of the Court dated October 29, 2010 [Docket No. 1066] and any postpetition claims of any physician participating in the Tail Fund relating to such Settlement Agreement; and

2

(j)     Any postpetition claims of vendors arising in the ordinary course of business with the Debtors relating to the Debtors' operations in connection with the US Family Health Plan.

THE ADMINISTRATIVE BAR DATE ALSO DOES NOT APPLY TO CLAIMS THAT AROSE ON OR **BEFORE** APRIL 14, 2010. IF YOUR CLAIM AROSE ON OR BEFORE APRIL 14, 2010, THIS NOTICE DOES NOT AFFECT YOU, AND YOU DO NOT NEED TO FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM.

YOU SHOULD NOT FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM IF YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AGAINST THE DEBTORS, OR IF THE ADMINISTRATIVE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

THIS NOTICE IS BEING PROVIDED TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID ADMINISTRATIVE CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE READ THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

### 3.     WHEN AND WHERE TO FILE

Except as provided for herein, all original Administrative Proof of Claim Forms (and, where necessary, accompanying documentation) must be filed so as to be received on or before **August 2, 2011**, at 4:00 p.m. (prevailing Eastern Time), at the following address:

| IF SENT BY FIRST-CLASS MAIL: | IF BY HAND DELIVERY OR OVERNIGHT MAIL: |
|---|---|
| Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC Grand Central Station, P.O. Box 4834 New York, NY 10163-4834 | Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017 |

### 4.     WHAT TO FILE

All requests for allowance and payment of administrative claims must include all documents establishing the alleged claimant's right to such administrative claim and all corresponding documents proving the administrative nature of the claim. Administrative Expense Claim forms may be obtained from SVCMC's website at http://www.svcmcrestructuring.com or by calling 866-778-1023.

Any holder of an Administrative Expense Claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers appears at the end of this Notice.

### 5.     CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE CLAIM BY THE FIRST ADMINISTRATIVE CLAIMS BAR DATE

Except with respect to claims of the type set forth in section 2 above, any holder of an administrative claim who fails to properly file a request for allowance and payment of such administrative claim, with appropriate supporting documentation, on or before the Administrative Claim Bar Date for any Administrative Claim against the Debtors will be forever barred, estopped, and enjoined from asserting such claim against the

3

Debtor, its estate or its property, and the Debtor's estate, and its property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the potential claimant shall not be permitted to participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

## 6.    RESERVATION OF RIGHTS

The Debtors reserve the right to dispute, or to assert offsets or defenses against, any filed Administrative Proof of Claim as to nature, amount, liability, priority, classification or otherwise.

### A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM.

Questions concerning this Notice should be directed to the Debtors' claims agent, Epiq Systems at 866-778-1023.

Dated:   July 7, 2011
         New York, New York

### BY ORDER OF THE COURT

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
Gregory G. Plotko

Telephone: (212) 715-9100

*Counsel for Debtors and Debtors in Possession*

4

**DEBTORS**

| Debtor | Case Number | Tax I.D. Number | Other Names Used and D/B/As |
|---|---|---|---|
| Saint Vincents Catholic Medical Centers of New York | 10-11963 | 13-4077996 | Saint Vincent Catholic Medical Centers<br>SVCMC Home Health Agency<br>Saint Vincents Catholic Medical Centers of New York |
| 555 6th Avenue Apartment Operating Corporation | 10-11971 | 13-3455797 | 555 6th Avenue Apartment Operating Corporation<br>Staff House |
| Bishop Francis G. Mugavero Center for Geriatric Care, Inc. | 10-11965 | 11-3097213 | Bishop Mugavero<br>Bishop Francis J. Mugavero Center for Geriatric Care, Inc. |
| Chait Housing Development Corporation | 10-11966 | 26-0386097 | Chait House<br>Chait Housing Development Corporation |
| Fort Place Housing Corporation | 10-11967 | 20-4284224 | Fort Place<br>Fort Place Housing Corporation |
| Pax Christi Hospice, Inc. | 10-11968 | 13-2780838 | Pax Christi<br>Pax Christi Manhattan; Pax Christi SI |
| Sisters of Charity Health Care System Nursing Home, Inc. d/b/a Saint Elizabeth Ann's Health Care & Rehabilitation Center | 10-11969 | 13-3603599 | St. Elizabeth Ann's; St. Elizabeth Ann's Health Care & Rehabilitation Center<br>SEA |
| St. Jerome's Health Services Corporation d/b/a Holy Family Home | 10-11970 | 11-2948924 | Holy Family Home |
| SVCMC Professional Registry, Inc. | 10-11972 | 06-1256983 | CMC Professional Registry |

# EXHIBIT F

SERVICE LIST

| Claim Name | Address Information |
|---|---|



BROPHY, RONALD — 1740 84TH STREET BROOKLYN NY 11214

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
.
In re:                                                               :        Chapter 11
.                                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                                      :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.[1]                                       :
.                                                                    :        Jointly Administered
          Debtors.                                                   :
.                                                                    :
---------------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

PANAGIOTA MANATAKIS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757
   Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not
   a party to the above-captioned action.

2. On April 27, 2012, I caused to be served the:

   a. "Notice of Disclosure Statement Hearing," dated April 27, 2012, annexed hereto as
      Exhibit A, (the "DSHN") and

   b. "Notice of Deadline for Filing of Administrative Expense Claims that Arose, Accrued, Or
      Otherwise Became Due and Payable On and Between June 1, 2011 and April 30, 2012,"
      dated April 27, 2012, annexed hereto as Exhibit B, (the "Admin Notice"),

by causing true and correct copies of the:

   a. DSHN and Admin Notice, to be delivered via electronic mail to the Special Service
      List, parties identified on the annexed Exhibit C, and the General Service List, parties
      identified on the annexed Exhibit D,

   b. DSHN and Admin Notice, to be enclosed securely in separate postage pre-paid
      envelopes and delivered via first class mail to the Special Service List, parties
      identified on the annexed Exhibit E, and the General Service List, parties identified
      on the annexed Exhibit F.

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J.
Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v)
Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care
& Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) and SVCMC
Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

3. Commencing on April 27, 2012 and completed on April 28, 2012, I caused the:

   a. DSHN and Admin Notice, to be enclosed securely in separate postage pre-paid
      envelopes and delivered via first class mail to the parties identified on the annexed
      Exhibit G,

   b. DSHN, to be enclosed securely in separate postage pre-paid envelopes and delivered
      via first class mail to the parties identified on the annexed Exhibit H, and

   c. Admin Notice, to be enclosed securely in separate postage pre-paid envelopes and
      delivered via first class mail to 1060 (one-thousand and sixty) parties.

4. All items served by mail or overnight courier included the following legend affixed on the
   envelope: "LEGAL DOCUMENTS ENCLOSED: PLEASE DIRECT TO ATTENTION OF
   ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

/s/ Panagiota Manatakis
Panagiota Manatakis

Sworn to before me this
3rd day of May, 2012
/s/ Cassandra Murray
Notary Public, State of New York
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 2014

-2-

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                       :       Chapter 11
                                             :
SAINT VINCENTS CATHOLIC MEDICAL              :       Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,                 :
                                             :
                    Debtors.                 :       Jointly Administered
---------------------------------------------------------------- x

## NOTICE OF DISCLOSURE STATEMENT HEARING

**TO:    ALL KNOWN HOLDERS OF CLAIMS AGAINST THE DEBTORS
IN IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

PLEASE TAKE NOTICE THAT:

On April 14, 2010, Saint Vincents Catholic Medical Centers of New York ("**SVCMC**") and certain of its affiliates, as Chapter 11 debtors and debtors in possession (collectively, the "**Debtors**")[1] commenced the above-referenced chapter 11 cases (the "**Chapter 11 Cases**") before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

On April 24, 2012, the Debtors filed the Disclosure Statement (as may be amended or modified, and including all exhibits thereto, the "**Disclosure Statement**")[2] for the Debtors' Joint Chapter 11 Plan (as may be amended, modified or supplemented in accordance with its terms, the "**Plan**")[3] with the Bankruptcy Court. The Debtors are submitting their Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code for use in soliciting votes to accept their Plan.

A hearing is currently scheduled before the Honorable Cecelia G. Morris, Chief Bankruptcy Judge of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on May 17, 2012 at 11:00 a.m. (prevailing Eastern Time) to consider, the Debtors' *Motion for an Order* (the "**Disclosure Statement Approval Order**") *(i) Approving Disclosure Statement, (ii) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtors' Joint Chapter 11 Plan, (iii) Scheduling Hearing on Confirmation of the Plan, (iv) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (v) Granting Related Relief* (the "**Motion**"). Please note that the Disclosure Statement Hearing may be continued by the Bankruptcy Court without further notice. The specific courtroom where the Disclosure Statement Hearing will take place will be disclosed prior to the Disclosure Statement Hearing and will be posted on the Debtors' bankruptcy website at *http://www.svcmcrestructuring.com* (the "**Bankruptcy Website**") and on the Bankruptcy Court's docket.

If you would like a copy of the Disclosure Statement Approval Order, the Disclosure Statement, the Plan or any related documents, please contact Epiq Systems, the notice, claims and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "**Epiq**"), by: (a) calling the Debtors' free bankruptcy hotline at (866) 778-1023; (b) visiting the Bankruptcy Website (where an electronic copy may be obtained free of charge); and/or (c) writing to Saint Vincents Catholic Medical Centers of New York (2010), c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4834, New York, NY 10163-4834. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (including the Motion, Disclosure Statement and the Plan) for a fee via PACER at: *www.nysb.uscourts.gov*.

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

[2] Capitalized terms used herein but not defined in this notice have the meanings set forth in the Motion (as defined herein), which is filed on the Debtors' bankruptcy court's docket contemporaneously herewith and available free of charge on the Debtors' bankruptcy website at *http://www.svcmcrestructuring.com* or from Epiq (as defined herein). A copy of the Motion may also be obtained for a fee via PACER at: *www.nysb.uscourts.gov*.

[3] A copy of the Plan was filed as Exhibit A to the Disclosure Statement.

Any objections to the adequacy of information contained in the Disclosure Statement or any other relief sought pursuant to the Motion or the Disclosure Statement Approval Order (collectively, the "Objections") must: (a) be in writing and conform to the applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York; (b) state the name of the objector, and the nature and amount of the Claims or other interest against the Debtors held by such party; (c) state with particularity the basis and nature of any objection and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response; (d) be filed electronically with the Bankruptcy Court, with a hard copy delivered to chambers, and be simultaneously served on the following parties so as to be actually received by no later than May 10, 2012 at 4:00 p.m. (prevailing Eastern Time): (i) Counsel to the Debtors, c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Kenneth H. Eckstein, Esq., Adam C. Rogoff, Esq., P. Bradley O'Neill, Esq., and Gregory G. Plotko, Esq.; (ii) counsel for the Official Committee of Unsecured Creditors, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq. and Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201-4624, Attn: Sarah Link Schultz, Esq.; (iii) General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166-4193, Attn: David Neier, Esq., and Winston & Strawn LLP, 101 California Street, San Francisco, California 94111, Attn: Randy Rogers, Esq.; and (iv) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene Nakano, Esq.

If an Objection is not filed and served in accordance with this notice, the objecting party shall be barred from objecting to the approval of the Motion, the Disclosure Statement, or the Disclosure Statement Approval Order and shall not be heard at the Disclosure Statement Hearing, to the fullest extent permitted under the Bankruptcy Code, Bankruptcy Rules and Local Rules.

Except as otherwise ordered by the Bankruptcy Court, upon entry of the Disclosure Statement Approval Order, the Debtors will cause the Disclosure Statement and the other material approved by the Disclosure Statement Approval Order for soliciting votes on the Plan to be served on all parties-in-interest entitled to vote on the Plan as set forth in the Order.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT EPIQ AT THE DEBTORS' FREE BANKRUPTCY HOTLINE AT (866) 778-1023.**

**PLEASE NOTE THAT EPIQ IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: New York, New York
April 27, 2012

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Adam C. Rogoff
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for Debtors and Debtors in Possession*

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
In re:                                                           :        Chapter 11
:
SAINT VINCENTS CATHOLIC MEDICAL                                  :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,                                     :
:
                              Debtors.                           :        Jointly Administered
:
---------------------------------------------------------------- X

## NOTICE OF DEADLINE FOR FILING OF ADMINISTRATIVE
## EXPENSE CLAIMS THAT AROSE, ACCRUED, OR OTHERWISE BECAME
## DUE AND PAYABLE ON AND BETWEEN JUNE 1, 2011 AND APRIL 30, 2012

TO ALL CREDITORS, PARTIES IN INTEREST AND GOVERNMENTAL UNITS THAT MAY HAVE AN ADMINISTRATIVE
EXPENSE CLAIM AGAINST SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK ("**SVCMC**") OR ITS
AFFILIATED ENTITIES[1] (COLLECTIVELY, THE "**DEBTORS**") THAT ARE ALSO DEBTORS AND DEBTORS IN
POSSESSION:

PLEASE TAKE NOTICE, that the United States Bankruptcy Court for the Southern District of New York (the
"**Bankruptcy Court**") has entered an order dated April 27, 2012 [Docket No. 2860] (the "**Second Administrative Bar Date Order**")
establishing **May 22, 2012** at 4:00 p.m. (prevailing Eastern Time) (the "**Second Administrative Bar Date**") as the last date and time
for certain persons or entities (including, without limitation, individuals, partnerships, joint ventures, corporations, estates, and trusts)
to file requests for allowance and payment of administrative claims against the Debtors for the period from June 1, 2011 through April
30, 2012 (the "**Second Administrative Expense Period**"), including claims entitled to priority in accordance with sections 503(b) and
507(a) of the Bankruptcy Code (the "**Administrative Expense Claims**"). **Such Administrative Expense Claims will be deemed
filed only when they are actually received.** With respect to any Administrative Expense Claims that arose, accrued, or otherwise
became due and payable on or after May 1, 2012, the Court will fix a supplemental bar date. You will receive notice of that date at a
later time.

### 1.      WHO MUST FILE A PROOF OF ADMINISTRATIVE CLAIM

If you have an administrative expense claim that: (a) arose under 11 U.S.C. §§ 503(b) and 507(a)(1), (b) between
June 1, 2011 and April 30, 2012, and (c) is not one of the types of claims described in section 2 below, you MUST timely file a
request for allowance and payment of such claims to share in distributions from the Debtors' bankruptcy estate. Administrative
expense claims based on acts or omissions of the Debtor that occurred between June 1, 2011 and April 30, 2012, must be filed on or
prior to the Second Administrative Bar Date even if such claims are not now fixed, liquidated or certain, or did not mature or become
fixed or liquidated or certain before April 30, 2012.

Under 11 U.S.C. § 101(5) and as used herein, the word "claim" means: (a) a right to payment, whether or not such
right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,
secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,
whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed,
secured, or unsecured.

11 U.S.C. § 503 defines administrative expense claims, in part, as "all necessary costs and expenses" of preserving
the debtor's estate, including wages, salaries and commissions (and any taxes withheld from such wages, salaries or commissions)." If
you: (a) supplied goods or services to the Debtor, (b) during the period from June 1, 2011 through April 30, 2012, and (c) have not
been paid for those goods or services, then you **may** have an administrative claim. If you provided goods or services before April 14,
2010, then you do not have an administrative claim for those goods or services. If you provided goods or services between April 15,
2010 and May 31, 2011, you may not file an administrative claim. Please consult your legal advisor if you have any uncertainty as to
whether your proposed claim may constitute an administrative claim. The preceding explanation is intended to provide guidance, not
to serve as legal advice.

### 2.      ENTITIES THAT DO NOT NEED TO FILE A PROOF OF ADMINISTRATIVE CLAIM

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center
for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters
of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services
Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.