(a)  Any person or entity that holds an Administrative Expense Claim that has been allowed by an order of the Bankruptcy Court entered on or before the Second Administrative Bar Date;

(b)  Any holder of an Administrative Expense Claim which accrued during the Second Administrative Expense Period who, prior to the Second Administrative Bar Date, already filed a proof of Administrative Expense Claim with the Clerk of the Bankruptcy Court;

(c)  Any Administrative Expense Claim held by the Office of the United States Trustee under section 1930(a)(6) of title 28, United States Code;

(d)  Any professionals retained by the Debtors or the unsecured creditors committee under Court order pursuant to sections 327, 328, 330, 331, 332, 333, or 1103 of the Bankruptcy Code;

(e)  Any Administrative Expense Claim held by General Electric Capital Corporation or any other party arising out of the DIP credit agreement or the prepetition credit agreement under which General Electric Capital Corporation served as agent;

(f)  Any postpetition claims of vendors arising in the ordinary course of business with the Debtors relating to the Debtors' operations in connection with the US Family Health Plan;

(g)  Any Administrative Expense Claim held by the Debtors' officers, directors, and crisis managers; and

(h)  Any Manhattan Hospital Tail Claim or Westchester Hospital Tail Claim.[2]

THE SECOND ADMINISTRATIVE BAR DATE ALSO DOES NOT APPLY TO CLAIMS THAT AROSE BEFORE APRIL 14, 2010 OR BETWEEN APRIL 15, 2010 AND MAY 31, 2011. IF YOUR CLAIM AROSE BEFORE APRIL 14, 2010 OR BETWEEN APRIL 15, 2010 AND MAY 31, 2011, THIS NOTICE DOES NOT AFFECT YOU, AND YOU DO NOT NEED TO FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM.

YOU SHOULD NOT FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM IF YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AGAINST THE DEBTORS, OR IF THE ADMINISTRATIVE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID ADMINISTRATIVE CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

3.  WHEN AND WHERE TO FILE

Except as provided for herein, all original Administrative Proof of Claim Forms (and, where necessary, accompanying documentation) must be filed so as to be received on or before **May 22, 2012**, at 4:00 p.m. (prevailing Eastern Time), at the following address:

| IF SENT BY FIRST-CLASS MAIL: | IF BY HAND DELIVERY OR OVERNIGHT MAIL: |
|---|---|
| Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC Grand Central Station, P.O. Box 4834 New York, NY 10163-4834 | Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017 |

4.  WHAT TO FILE

---

[2] A Tail Claim shall have the meaning ascribed to it in the settlement establishing the Tail Fund approved by the Court on October 29, 2010 [Docket No. 1066] and the settlement establishing the Westchester Tail Fund approved by the Court on September 22, 2011 [Docket No. 2027].

All requests for allowance and payment of administrative claims must include all documents establishing the alleged claimant's right to such administrative claim and all corresponding documents proving the administrative nature of the claim. Administrative Expense Claim forms may be obtained from SVCMC's website at http://www.svcmcrestructuring.com or by calling 866-778-1023.

Any holder of an Administrative Expense Claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers appears at the end of this Notice.

5. CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE CLAIM BY THE SECOND ADMINISTRATIVE CLAIMS BAR DATE

Except with respect to claims of the type set forth in section 2 above, any holder of an administrative claim who fails to properly file a request for allowance and payment of such administrative claim, with appropriate supporting documentation, on or before the Administrative Claim Bar Date for any Administrative Claim against the Debtors will be forever barred, estopped, and enjoined from asserting such claim against the Debtor, its estate or its property, and the Debtor's estate, and its property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the potential claimant shall not be permitted to participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

6. The Debtors reserve the right to dispute, or to assert offsets or defenses against, any filed Administrative Proof of Claim as to nature, amount, liability, priority, classification or otherwise.

A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM.

Questions concerning this Notice should be directed to the Debtors' claims agent, Epiq Systems at 866-778-1023.

Dated: April 27, 2012
New York, New York

BY ORDER OF THE COURT

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
*Counsel for Debtors and Debtors in Possession*

**EXHIBIT E**

| Claim Name | Address Information |
|---|---|



BROPHY, RONALD    1740 84TH STREET BROOKLYN NY 11214

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                    :        Chapter 11
                                                          :
SAINT VINCENTS CATHOLIC MEDICAL                           :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.                               :
                                                          :        Jointly Administered
                    Debtors.                              :
                                                          :        Ref. Docket Nos. 3067 & 3069
-------------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

PETE CARIS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On July 3, 2012, I caused to be served the following:

   a) "Notice of Entry of Order Confirming Debtors' Second Amended Joint Chapter 11 Plan," dated June 29, 2012 [Docket No. 3067], and

   b) "Notice of Effective Date of the Debtors' Second Amended Joint Chapter 11 Plan," dated June 29, 2012 [Docket No. 3069],

   by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those additional parties identified on the annexed Exhibit A.

3. All items served by mail or overnight courier included the following legend affixed on the envelope: "LEGAL DOCUMENTS ENCLOSED: PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Pete Caris*

Pete Caris

Sworn to before me this
3rd day of July, 2012
*/s/ Cassandra Murray*

Notary Public, State of New York
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 2014

EXHIBIT A

| Claim Name | Address Information |
|---|---|
| BROPHY, RONALD | 1740 84TH STREET BROOKLYN NY 11214 |



## EXHIBIT G

June 7 Letter

104810352

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

SARAH LINK SCHULTZ
214.969.4367/fax: 214.969.4343
sschultz@akingump.com

June 7, 2013

## VIA EMAIL AND OVERNIGHT DELIVERY

Sheryl R. Menkes
325 Broadway, Suite 504
New York, New York 10007

Re:    *Elaine Garvey, administratrix of the Estate of Ronald Brophy, deceased v. Lutheran Medical Center, et al.*
       **Index No.: 218-2013**

Dear Ms. Menkes:

I write in response to your email communications dated June 5 and 6, 2013 and as a follow up to my correspondence dated April 30, 2013. As set forth in detail in my previous correspondence and as discussed over the past several days, the Liquidating Trustee requests that your client immediately withdraw the above-entitled suit (the "Litigation") against SVCMC and Holy Family Home and provide evidence of such withdrawal no later than Wednesday, June 12, 2013. Time is of the essence.

If your client refuses to withdraw the Litigation, the Liquidating Trustee intends to proceed against your client and enforce the Liquidating Trust's rights under the automatic stay and plan injunction, including by seeking injunctive relief and seeking to hold your client in civil contempt. A copy of the motion that the Liquidating Trustee intends to file should you fail to comply with our request for withdrawal is enclosed. To the extent that the Liquidating Trustee obtains a contempt judgment, the Bankruptcy Court may impose compensatory damages, attorneys' fees, court costs, and punitive damages.

Please contact me at (214) 969-4367 if you have any questions regarding this matter.

Sincerely,

Sarah Link Schultz

cc:    Eugene I. Davis, Liquidating Trustee, SVCMC Liquidating Trust
       Jennifer Coffey, General Counsel, Post-Effective Date SVCMC

## EXHIBIT H

Menkes – Schultz Email Correspondence

104810352

From:        Sheryl Menkes [menkeslaw@gmail.com]
Sent:        Wednesday, June 05, 2013 9:58 AM
To:          Schultz, Sarah A.
Subject:     Re: Holy Family

The case l;aw does not support your position. Please let me know.. If needed Ill make an OTSC to the bankruptcy judge.


Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408


On Wed, Jun 5, 2013 at 10:55 AM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

We will be on the lookout for it.


I understand you believe that the bankruptcy code provides an exemption to the stay that allows you to proceed against the applicable insurance policy. To be clear, it is our position that the initiation of litigation against the SVCMC estates, without an agreement, violates the permanent injunction set forth in the plan.


We will be back to you as quickly as possible regarding this matter.


Best,


Sarah


From: Sheryl Menkes [mailto:menkeslaw@gmail.com]
Sent: Wednesday, June 05, 2013 10:51 AM

To: Schultz, Sarah A.
Subject: Re: Holy Family

It was sent by my paralegal from menkeslawparalegal@gmail.com. She will send it to you again now, but you can check your emails from yesterday and access it right away.


Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408


On Wed, Jun 5, 2013 at 9:52 AM, Schultz, Sarah A. <sschultz@akingump.com> wrote:


I have yet to receive the complaint you said you would forward. Until I receive the complaint I cannot start the process of confirming if insurance is even available at this time.


**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]
**Sent:** Wednesday, June 05, 2013 9:46 AM
**To:** Schultz, Sarah A.
**Subject:** Re: Holy Family


Please read the cases I forwarded to you. They are exactly on point and will expedite the process.


Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Wed, Jun 5, 2013 at 8:40 AM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

Ms Menkes

As I indicated yesterday afternoon when we spoke, I am looking into the matter and will be back to you as quickly as possible.

Best,

Sarah

**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]
**Sent:** Wednesday, June 05, 2013 5:52 AM
**To:** Schultz, Sarah A.
**Subject:** Holy Family

Dear Ms. Schultz,

As I indicated to you yesterday time if of the essence on this matter since my statute of limitations expire on 6/10. Please read the cases I forwarded to you directly from westlaw. It should put this issue to bed so I can proceed to serve the summons timely.

T

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Sheryl Menkes [menkeslaw@gmail.com]
Sent: Thursday, June 06, 2013 12:11 PM
To: Schultz, Sarah A.
Subject: Re: Holy Family Home

I see no requirement for tail claims to be made to Holy Family on the procedure. IN addition the tail is for medical malpractice claims. This is not medical malpractice, it is Public Health Law 2901-d which case law hold is not a medical malpractice cause of action.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Thu, Jun 6, 2013 at 12:14 PM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

I tried to call you to explain. As I noted in your previous email, the lack of coverage has nothing to do with whether the policy was exhausted or not. The applicable policy was a claims made policy. The period of time to tender claims to the insurer expired shortly after the sale of Holy Family closed. Your client did not initiate an action against Holy Family until well after that period expired. Accordingly, Holy Family was unaware of your alleged claim and unable to put the insurance company on notice during the applicable period. If you would like to discuss further I can be reached at 214.969.4367.

From: Sheryl Menkes [mailto:menkeslaw@gmail.com]
Sent: Thursday, June 06, 2013 11:10 AM
To: Schultz, Sarah A.
Subject: Re: Holy Family Home

Can you please advise me what the coverages were for Holy Family and for St vincent's in 2010? How much was used?

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

0004

On Thu, Jun 6, 2013 at 11:55 AM, Sheryl Menkes <menkeslaw@gmail.com> wrote:

Can you please send me a formal letter that the insurance policies are exhausted.  Your data on the web regarding st. vincent's does not make any mention of holy family.

Plus the debtor has the obligation to advise creditors and the summons with notice was a public record.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Thu, Jun 6, 2013 at 11:06 AM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

The policy I referenced was for Holy Family, not the main facility.

Notice of the chapter 11 proceeding and the applicable bar dates was provided in accordance to the court approved notice procedures. I am in route from NY to Dallas, but can sent you copies of the applicable orders later today if you would like.

Sent from my iPhone

On Jun 6, 2013, at 9:56 AM, "Sheryl Menkes" <menkeslaw@gmail.com<mailto:menkeslaw@gmail.com>> wrote:

didnt Holy Family have their own policy aside from st. Vincent's. The claim was filed as a public record prior to the expiration date. Doesnt the debtor have the obligation to advised creditors of the bankcruptcy

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

0005

Ms Menkes

We have researched the status of insurance available to cover your alleged claim. Unfortunately, no insurance is available. Holy Family Home was sold on 1/20/12 and no tail policy was purchased. Pursuant to the policy in place at the time the home was sold, there was a grace period of 60 days to report the claim or until (3/20/12). You alleged claim was never reported to the carrier because no claim was reported to Holy Family until the policy had expired.

Please give me a call if you would like to discuss further.

Sarah

From: Sheryl Menkes [mailto:menkeslaw@gmail.com<mailto:menkeslaw@gmail.com>]

Sent: Wednesday, June 05, 2013 11:25 AM
To: Schultz, Sarah A.
Subject: Fwd: Holy Family Home

Here is the data from the New York State web site indicating who the operator was of the facility. I have a claim against the home and the operator pursuant to New York Public Health Law 2801-d and the other statutes cited in my complaint.
The recovery is still limited to the insurance policy(ies) in effect during the relevant time period which case law states is not property of the estate and does not require a notice of claim.
See aleso 11USCA 524(e).
Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007

Tel: (212) 285-0900<tel:%28212%29%20285-0900>
Fax: (212) 658-9408<tel:%28212%29%20658-9408>

---------- Forwarded message ----------
From: Danielle Rivera <menkeslawparalegal@gmail.com<mailto:menkeslawparalegal@gmail.com>>
Date: Wed, Jun 5, 2013 at 11:21 AM
Subject: Holy Family Home

To: Sheryl Menkes <menkeslaw@gmail.com<mailto:menkeslaw@gmail.com>>

--
Danielle Rivera
Menkes Law Firm

325 Broadway, Suite 504
New York, NY 10007

Tel: (212) 285-0900<tel:%28212%29%20285-0900>
Fax: (212) 658-9408<tel:%28212%29%20658-9408>

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From:       Schultz, Sarah A.
Sent:       Wednesday, July 03, 2013 1:38 PM
To:        'Sheryl Menkes'
Subject:   RE: SVCMC - Holy Family Home

We will wait until 7/22 to file.  Thanks.

**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]
**Sent:** Wednesday, July 03, 2013 1:27 PM
**To:** Schultz, Sarah A.
**Subject:** Re: SVCMC - Holy Family Home

I am certain I will have no problem from my client. There was never service of the complaint within 120 days of purchasing index number thus that complaint is a nullity.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Wed, Jul 3, 2013 at 2:21 PM, Sheryl Menkes <menkeslaw@gmail.com> wrote:
I have an appointment with my client scheduled for 7.21. I dont understand why you need a 7/18 hearing. I dont believe it is eithical to file the motion without me being able to obtain my client's consent.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Wed, Jul 3, 2013 at 1:55 PM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

Thanks for your note.  I understood from your earlier email that your client was out for 2 weeks, returning this Monday. To preserve a July 18 hearing on this matter (if one is necessary) I need to file our motion to enforce the stay and plan injunction today.  My client has directed me to file the foregoing motion today, but to advise you that we will withdraw the motion as soon as we have confirmation from your office that you are authorized to discontinue the action against Holy Family and its associated entities.

Sarah

**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]
**Sent:** Monday, June 24, 2013 3:04 PM

**To:** Schultz, Sarah A.
**Subject:** Re: SVCMC - Holy Family Home

As I told you she is away on vacation and will not be back until next week at the earliest and after 7/4 at the latest. I have to sit down and talk with her face to face. This is not the type of conversation to have on the phone especially when she is on vacation and in a different mind set. It is only two weeks at the outside. I will keep you appraised. I am certain she will not have objections but I cannot do this without her knowledge and consent.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Mon, Jun 24, 2013 at 4:00 PM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

Sheryl

Following up on the email below. Please advise regarding your client's position.

Best,

**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]

**Sent:** Tuesday, June 11, 2013 11:08 AM

**To:** Schultz, Sarah A.
**Subject:** Re: SVCMC - Holy Family Home

Yes I will advise her to withdraw. I need to speak with her in person so I can explain it to her. She is away on summer vacation now so my hands are tied at the moment.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Tue, Jun 11, 2013 at 11:54 AM, Schultz, Sarah A. <sschultz@akingump.com> wrote:

I understand that you need to discuss with your client. If you intend to recommend to your client that you withdraw the action as it relates to the St. Vincents debtor entities, we will not file the motion to enforce this week so as to provide you time to discuss. Please advise.

**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]
**Sent:** Monday, June 10, 2013 1:21 PM
**To:** Schultz, Sarah A.

**Subject:** Re: SVCMC - Holy Family Home

jUNE 10 WAS IF i WAS GOING TO SERVE THE COMPLAINT. I cannot withdraw an action until i speak to my client and she is not going to be back in New York to come to my office until the time I indicated in my prior email.

0010

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408


On Mon, Jun 10, 2013 at 2:03 PM, Schultz, Sarah A. <sschultz@akingump.com> wrote:


Mrs. Menkes


Jason Sharp of my office forwarded me your note from over the weekend. Based on our earlier conversations I understood that you had a June 10 deadline that you were trying to meet. Please advise regarding the status of such deadline.


If we do not hear from your prior to Wednesday, we currently plan to proceed with filing the motion to enforce the plan provisions.


Thank you,


Sarah



**Sarah Link Schultz**

**AKIN GUMP STRAUSS HAUER & FELD** LLP

1700 Pacific Avenue | Suite 4100 | Dallas, TX 75201-4624 | USA | Direct: +1 214.969.4367 | Internal: 14367
Fax: +1 214.969.4343 | Mobile: +1 214.729.9937 | sschultz@akingump.com | akingump.com | Bio

**From:** Sheryl Menkes [mailto:menkeslaw@gmail.com]
**Sent:** Saturday, June 08, 2013 1:59 PM
**To:** Sharp, Jason
**Subject:** Re: SVCMC - Holy Family Home

I have to contact my client who is on vacation and will not be back for the next two weeks.

Sheryl Menkes, Esq.
Menkes Law Firm
325 Broadway, Suite 504
New York, NY 10007
Tel: (212) 285-0900
Fax: (212) 658-9408

On Fri, Jun 7, 2013 at 5:27 PM, Sharp, Jason <jssharp@akingump.com> wrote:

Ms. Menkes:

Please find the attached correspondence from Sarah Schultz.

Thank you,

**Jason S. Sharp**

AKIN GUMP STRAUSS HAUER & FELD LLP

1700 Pacific Avenue | Suite 4100 | Dallas, TX 75201-4624 | USA | Direct: +1 214.969.2793 | Internal: 12793
Fax: +1 214.969.4343 | jssharp@akingump.com | akingump.com | Bio

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax

## EXHIBIT I

Order to Show Cause in the State Court Action

Ackerman Court Service

At an IAS Part of the Supreme Court
of the State of New York, held in and for
the County of King > a at 2200 Adams
Street, Brooklyn, New York
, on the 24th Day of June 2013

P R E S E N T :

Non. Bert Bunyan

KINGS COUNTY CLERK
FEE PD $ 45.00

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X

ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

                 Plaintiff's

**ORDER TO SHOW CAUSE**
Index Number 218/2013

-against-

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM CARE,
METROPOLITAN JEWISH LHCSA, HOMEFIRST
LHCSA, INC., LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION INC.,
HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC
MEDICAL CENTERS OF NEW YORK a/k/a SAINT
VINCENTS CATHOLIC MEDICAL CENTERS a/k/a
SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,[1]

               Defendants.

----------------------------------------------------------------X

---

[1] BENSONHURST CENTER FOR REHABILITATION  AND HEALTHCARE and
KFG OPERATING TWO, LLC, were successors in interest to HOLY FAMILY HOME, ST.
VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT
VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS
MANHATTAN, and therefore are not parties to this action.

UPON, reading and filing of the affirmation of SHERYL R. MENKES, June 18, 2013 and the exhibits annexed thereto, and all pleadings proceedings had herein, now it is hereby,

LET, EUGENE I. DAVIS the LIQUIDATING TRUSTEE for ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, show cause before this Court at IAS Part 5' thereof, at the Supreme Court, State of New York, Kings County 360 Adams Street, Brooklyn, New York, room 438 on the 31st day of July 2013 at 9:30 am in the forenoon of that day or as soon thereafter as counsel may be heard.

WHY, an order should not be entered compelling EUGENE I. DAVIS the LIQUIDATING TRUSTEE for ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, to lift the stay on plaintiffs personal injury claim on HOLY FAMILY HOME, and ST VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENT'S MANHATTAN, as plaintiff's personal injury claim is an exception to the automatic stay up to the limits of insurance coverage existing at the time of decedent's injuries, and plaintiff was a known creditor prior to the bar date of the bankruptcy proceedings and the debtors ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, failed to give plaintiff the requisite formal notice of said proceedings and bar date.

SUFFICIENT CAUSE, appearing therefore, let service of a copy of this order, together with the papers upon which it is based by _personal service_ upon EUGENE I. DAVIS, LIQUIDATING TRUSTEE for ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, Akin Gump Strauss Hauer & Feld

LLP, One Bryant Park, Bank of America Tower, New York, New York 10036 on or before the____ 2nd day of July 2013 be deemed good and sufficient.

SUFFICIENT CAUSE, let service of a copy of this order, together with the papers upon which it is based upon remaining defendants CATALANO, GALLARDO & PETROPOULOS LLP, 100 Jericho Quadrangle Suite 326, Jericho, New York 11753, Attorneys for LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.; KAUFMAN, BORGEEST & RYAN LLP, 200 Summit Lake Drive, Valhalla, New York, 10595 Attorneys for METROPOLITAN JEWISH HOME CARE, INC., METROPOLITAN JEWISH LONG TERM CARE, METROPOLITAN JEWISH LHCSA, HOMEFIRST LHCSA, INC; and WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 150 East 42nd Street, New and any other person/entity authorized to receive service York, New York 10017, Attorneys for LUTHERAN MEDICAL CENTER by personal service on or before the 2nd day of July 2013 be deemed good and sufficient.

DATE: New York, New York
June 19, 2013

ENTER:

_____

J.S.C.

HON. BERT A. BUNYAN
JUSTICE N.Y.S. SUPREME COURT

Case 1:13-cv-06902-PKC    Document 16-11    Filed 05/16/14    Page 28 of 32

## EXHIBIT J

Show Cause Affirmation in the State Court Action

104810352

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------X

ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

Index Number:
**218/2013**

Plaintiff,

-against-

**AFFIRMATION
IN SUPPORT OF
ORDER TO SHOW
CAUSE**

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM HOME CARE, METROPOLITAN
JEWISH LHCSA, HOMEFIRST LHCSA, INC.,
LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION, INC.,
HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC MEDICAL CENTERS
OF NEW YORK a/k/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,

Defendants.

-------------------------------------------------------------------------X

SHERYL R. MENKES, an attorney duly licensed to practice law before the

Courts of the State of New York affirms under the penalty of perjury

1. I am attorney for plaintiff herein.

2. The basis of my knowledge are the files I maintain in my law office.

3. This is a statutory case of nursing home abuse and neglect brought pursuant to

New York Public Health Law Section 2801-d.

4. This affirmation is submitted in support of plaintiff's Order to Show Cause to

compel the bankruptcy trustee to lift the bankruptcy stay on HOLY FAMILY HOME, ST.

VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT

VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS

MANHATTAN, so plaintiff can proceed in state court with her as plaintiff's personal

injury claim, as plaintiff's personal injury claim is an exception to the automatic stay up

to the limits of insurance coverage existing at the time of decedent's injuries at HOLY

FAMILY HOME; and both HOLY FAMILY HOME and ST. VINCENT'S CATHOLIC

MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC

MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, were apprised of

plaintiff's contingent claims prior to the bankruptcy bar date, and as such were under the

obligation to give plaintiff formal notice of the bankruptcy and Bar Date so plaintiff could

participate in the bankruptcy proceeding, which they failed to do.

**BACKGROUND**

5.  Decedent was a patient at HOLY FAMILY HOME located at 1740 84th Street,

Brooklyn, New York 11214 from 3/25/-10-5/24/10, and from 5/27/10 to 6/6/10 wherein

he sustained pressure ulcers that ultimately caused his death.

6.  ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a

SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS

MANHATTAN, was the operator of the facility known as HOLY FAMILY HOME

during the relevant time periods.  During decedent's residency thereat he sustained

pressure ulcers that ultimately caused his death.  **(Exhibit A)**.

7.  Decedent died on June 13, 2010.  **(Exhibit B)**.

8. Decedent's daughter, Elaine Garvy retained the services of the MENKES LAW

FIRM to prosecute this claim on behalf of decedent on July 12, 2010.  **(Exhibit C)**.

9.  Plaintiff was entitled to receive decedent's medical records prior to

appointment as administrator of decedent's estate pursuant to New York Public Health

Law Subdivision 1, Section 18(g).

10. Plaintiff sent a HIPPA Complaint Authorization, to Holy Family Nursing Home, along with a copy of the New York Public Health Law Subdivision 1, Section 18(g) on requesting decedent's medical records on July 23, 2010. The authorization clearly indicated that the request was made for the purpose of litigation. The cover letter addresses this as well. (Exhibit D).

11. Having been advised that HOLY FAMILY HOME was no longer in existence, and decedent's records had not yet been provided, plaintiff attempted to gather same through ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, where she was advised the decedent's record were housed.

12. Plaintiff sent authorizations with cover letters indicating that these records were needed for the purposes of litigation to the medical records department of ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN on September 21, 2010, and again on October 18, 2010.. (Exhibit E).

13. Plaintiff, not having received notice of defendants' bankruptcy, commenced her action by filing a summons with notice on January 4, 2013,which listed listing HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN as defendants. (Exhibit F).

14. The Summons with Notice was served on April 19, 2013. (Exhibit G).

15 When no demand for a complaint was made plaintiff's attorney hired an

investigator look into it. The investigator advised that as of April 4, 2010, the defendants had commenced a Bankruptcy Proceeding and that the Bar Date for filing claims was 10/12/10.

16. Through the information the investigator provided, plaintiff's attorney was able to track down and contact the Liquidating Trustee and advise his staff that she was of the opinion that the stay should be lifted so that plaintiff could proceed with her personal injury claim up to the limit of the facility's liability insurance policy in effect during decedents residency at HOLY FAMILY HOME.

17. The staff of the Liquidating Trustee refused and began writing plaintiff's attorney threatening letters. (Exhibit H).

18. Since these defendants had not been formally served with the complaint, within the 120 days of filing, and the fact that plaintiffs statue of limitation expired on June 10, 2013, plaintiff commenced another action timely on June 5, 2013 under index number 10404/2013 thereby giving her 120 days to effectuate service. (Exhibit I).

19. Plaintiff now moves this Court to issue an order compelling the liquidating trustee to accept plaintiffs summons and complaint against said defendants on the bases that plaintiff's personal injury claim is an exception to the automatic bankruptcy stay up to the limits of the insurance policies in existence at the time of the injury; and the fact that plaintiffs contingent claim was known to these defendant debtors prior to the Bankruptcy Bar Date, which required them to give plaintiff formal notice of the proceedings and Bar Date, which they failed to do.

## LEGAL ANALYSIS

20. It is settled law that New York Courts have concurrent jurisdiction with