federal courts to interpret the Bankruptcy Code. *Chevron Oil Company v. H. Dobie* 40 NYS2d 712, 358 N.E. 2d 504, 389 N.Y.S. 2d 819 (1976); *State v. Wilkes*, 41NY 2d 655, 394 NYS2d 849 363NE 555 (1977). In addition, New York Courts have the authority to determine the effect of a debtor's discharge in bankruptcy on third parties such as insurers. *Lumberman Mutual Cas. Co. .v Morse Shoe Co.*, 218 AD2d 624, 630 NYS2d 1003 (1ˢᵗ Dept. 1995); *Vleming v. Chyrsler Corp., Dodge Div.*, 90 AD2d 733, 455 NYS2d 293(2nd Dept. 1982).

21. It further settled, that with regard to the applicability of U.S.C. Section 524(e), the failure of a creditor to file a notice of claim does not bar the continuation of a claim by said creditor if there are third parties, such as insurers who are liable for said debt. *In re Jet Florida Systems, Inc.*, 883 F2d 970(11th Cir. 1989). What is more, 11 USC 524(e) promulgates that the discharge of debtors does not affect liability of any third-party such as liability insurers, liable for such debt or a pending lawsuit, thus the failure of a creditor to file a notice of claim in these circumstance does not bar the continuation of the claim by that creditor. *Id.*

22. Similarly, New York State Case Law specifically holds that a bankruptcy discharge does not bar a pending law suit where the debtor has liability insurance coverage for the events forming the basis of the law suit. *Roman v. Hudson Telegraph Associates*, 11AD3d 346, (1ˢᵗ Dept. 2004); *Lumbermans Mutual Casualty Company v. Morse Shoe Company*, 281 AD2d 624 (1ˢᵗ Dept. 1995); *Minafari v. United Artists Theatres, Inc.* 5 Misc23d 474 (Supreme Court, Westchester County 2004); *Adrian v. Czmus*, 153 Misc 2d 38 (Supreme Court New York County 1992).

23. New York Insurance Law Section 3420(a)(1) mandates:

> "No policy or contract insuring against liability for injury to person, except as provided in subsection (g), hereof, or against liability for injury or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and judgment creditors so far as such provisions relate to judgment creditors: (1) A provision that the insolvency or bankruptcy of the person insured, or the insolvency of his estate, shall not release the insurer from payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract."

As noted, *supra*, 11 USC 524(e) permits recovery of a debt against any other entity obligated to pay or liable for such debt.

24. When 11 USC Section 524(a)(e) and Insurance Law Section 3420(a)(1) are read together, it is clear that an insurer is obligated to provide coverage and indemnify a defendant when the debtor defendant files bankruptc, provided, as here, the loss or event sued for occurs during the life of the policy. *Roman v. Hudson Telegraph Associates, 11AD3d 346, (1ˢᵗ Dept. 2004); Lumbermans Mutual Casualty Company v. Morse Shoe Company, 281 AD2d 624 (1ˢᵗ Dept. 1995); Minafari v. United Artists Theatres, Inc. 5 Misc23d 474 (Supreme Court, Westchester County 2004); Adriani v. Czmus, 153 Misc. 2d 38 (Supreme Court New York County 1992)*.

25. In fact the case at hand, is a personal injury claim that arose prior to the bankruptcy of HOLY FAMILY NURSING HOME is analogous to *Manfari*. In *Manfari* the personal injury plaintiff was permitted to continue their action against the debtor defendant despite the fact that the Federal Court had issued an order enjoining anyone from proceeding with suits against the debtor. The *Manfari* Court held that in these circumstances the plaintiff was not equired to file a notice of claim in the bankruptcy proceeding. Similar results were reached in cases with similar facts *Adriani v. Czmus, 153 MISC 2d 38 (Supreme Court New York County 1992)* and *Green v. Welsh, 965*

F,2d 30 (2d Cir); *Matter of Edgeworth*, 993 F.2d 51 n.6 (5th Cir). Thus it is clear that plaintiff here is entitled to commence and continue her claim against these debtors up to the amount of the liability policy in existence at the time of decedent's residency and injury at HOLY FAMILY HOME.

26. Plaintiff is also entitled to maintain her action on the basis that she did not receive formal notice debtor's bankruptcy proceedings.

27. As detailed above plaintiff sent HIPPA complaint authorizations for decedent's medical records from HOLY FAMILY HOME to both HOLY FAMILY HOME and ST VINCENTS RISK ASSURANCE, prior to the Bankruptcy Bar Date. These authorizations clearly stated the purpose of the request was litigation. Thus the debtor had knowledge of plaintiff's claim.

28. Constitutional implications arise when a known creditor fails to receive formal notice of a bankruptcy proceeding. *In re Harlopouolos*, 118 F3d 1240 (8th Cir. 1997). A known creditor has the right to adequate notice and a meaningful opportunity to participate in the bankruptcy proceeding. *In re Avery*, 124 B.R. 447 (Bankr. N.D. Ga. 1991). Due process requires that a party receive notice, which is reasonably calculated, under all circumstances, to apprise interested parties of the pending action so that they can present view and protect their rights. *See Mullan v. Central Hanover Bank & Trust Co.*, 339 US 306 (1950).

29. The liquidating trustee had advised that notice was published but did not state wherein, nevertheless, published notice is not formal notice and it is not reasonably, calculated to reach an individual plaintiff bringing a personal injury claim on behalf of her father who has no reason to follow corporate bankruptcies.

30. Exception to the discharge are found at Section 523(a)(3)(B) of the Bankruptcy Code which provides that a debt is not dischargable if, as here, the debtor failed to list or schedule the debt of a known creditor which precludes the creditor the right to timely filing of a proof of claims. Where as here, the creditor plaintiff is known by the debtor defendants, but not given notice of the bar date, the creditor plaintiff is not required to file said notice of claim before the designated bar date. (*11 USCA Section 523 (c)(1); Fed. Rules Bankr.Poc., Rule 4007*).

31. Similarly, 11 USC Section 1141 does not discharge the debt of a creditor plaintiff that was known to a corporate debtor defendant, but the corporate debtor defendant failed to give notice to the creditor plaintiff of the bar date for filing proof of claim. *In re Adam Glass Service, Inc., 173 B.R. 842 (EDNY 1994); 1440 Richmond Realty Corp., v. Four Bridges Development Corp. 188 Misc 2d 42 (Supreme Court Richmond County 2001)*. The burden rests on the debtor to establish that the known creditor had **actual notice**. (Emphasis Added). *Graber v. Gault, 103 App. Div 511, 93 NYS 76; Weiner Fur Corporation v. Levy City Ct. N.Y. 40 NYS2d 344*. Thus it is clear that plaintiff's personal injury claim which was known to the debtors prior to the bankruptcy bar date, and to whom no actual notice of said bar date was given is not discharged by debtor defendants' bankruptcy proceedings.

32. The United States Bankruptcy Court for the Southern District of Ohio has ruled that to permit discharge of a personal injury claim, where as here, the debtor defendant had knowledge of the claim prior to the Bar Date, yet failed to provide the claimant actual notice of the bankruptcy proceeding would violate the claimant's right to due process. *In the Matter of Federated Department Stores Corporation, 158 B.R. 103*

(1993) quoting *Reliable Electric Co., Inc. V. Olson Constr. Co. 726 F. 2d. 620 (10th Cirt 1984)*.

33. In *Federated*, an analogous matter, the *Federated* plaintiff maintained that *Federated* was well aware of her contingent liability for plaintiff's injuries prior to the bankruptcy bar date, and as a result that plaintiff should have been served with formal notice of same. Both the State Court and the Bankruptcy Court agreed. The Bankruptcy Court held that without receipt of formal notice which is "an elementary and fundamental requirement of due process in any proceeding which is to be afforded finality" the discharge in the confirmation order has no application to the plaintiff, and she is therefore entitled to proceed with the state court action with all rights to levy execution on any favorable judgement just as if there had never been a bankruptcy. *Federated, quoting Mullins v. Central Hanover Bank & Trust Co., 339 US 306, 70 s. Ct. 652 94 L.Ed. 865(1950)*;

34. As held in *Alam v. AMF Bowling Centers, Inc., 798 NYS2d 707 (Supreme Court Nassau Cty. 2004)*, a another highly analogous matter, a personal injury plaintiff would have no reason to know that a corporate debtor had filed for bankruptcy without formal notice, and without formal notice having been served prior to the bar date, plaintiff's claim was not barred by the bankruptcy discharge. The *Alam* Court went on to hold that since the defendant debtors failed to serve a known personal injury creditor with a contingent liability claim actual notice of the bankruptcy proceedings, plaintiff was permitted to continue her personal injury claim in state court.

35. From these cases it is clear, plaintiff's contingent personal injury claim may proceed against HOLY FAMILY HOME, ST. VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN by virtue of liability

insurance outside of the property of the Bankruptcy Estate, or alternatively, on the basis of due process since the defendant debtors failed to provide plaintiff, a known contingent liability creditor, with actual notice of the bankruptcy proceedings or the bar date.

WHEREFORE, plaintiff asks for an Order granting her motion in its entirety.

No prior application has been made for the relief requested herein.

Dated: New York, New York
June 19, 2013

*[signature]*
Sheryl R. Menkes
Attorney for Plaintiff
325 Broadway Suite 504
New York, New York 10007
(212) 285-0900

# EXHIBIT A

# VITAL RECORDS CERTIFICATE

## DEATH TRANSCRIPT

**THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE**

### CERTIFICATE OF DEATH

Certificate No. 156-10-023455

DATE FILED: NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE — JUNE 14, 2010 11:09 AM

1. DECEDENT'S LEGAL NAME: RONALD BROPHY

- Place of Death: Brooklyn
- Type of Place: Hospice Facility
- Facility Name: Metropolitan Jewish Health System

Date and Time of Death: June 13, 2010, 10:45 PM, Male

Certifier: Bernard Lee, MD
Address: 6323 7th Avenue, Brooklyn, New York 11220
Date: JUN-14-2010

Date of Birth: December ... 

Social Security No: 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

Birthplace: New York

Father's Name: Walfred Brophy

Informant: [Brophy]

Place of Disposition: New Jersey

Funeral Establishment: Crestwood Memorial Chapel, Inc., 198 Bleecker Street, New York, New York 10012

VOID  VOID  VOID  VOID

# EXHIBIT B

Case 1:13-cv-06902-PKC   Document 16-12   Filed 05/16/14   Page 9 of 11
10-11963-cgm   Doc 3626-11   Filed 07/29/13   Entered 07/29/13 14:57:27   Exhibit J
Pg 14 of 57

# DEATH TRANSCRIPT

**THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE**

**CERTIFICATE OF DEATH**

DATE FILED: JUNE 15, 2010 11-09 AM

Certificate No. 156-10-023455

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE

1. DECEDENT'S LEGAL NAME: RONALD BROPHY

City: New York City
Borough: Brooklyn

Place of Death: Brooklyn
Hospice Facility

Metropolitan Jewish Health System

Date and Time of Death: June 13, 2010, 10:45 PM
Sex: Male

Name of Physician: Bernard Lee, MD
Address: 6323 7th Avenue, Brooklyn, New York 11220
Date Signed: JUN-14-2010

Date of Birth: December 20, [1906]

Place of Birth: Brooklyn, New York

Father's Name: Robert Brophy
Mother's Name: Waltraud Brophy

Funeral Establishment: Crestwood Memorial Chapel, Inc.
199 Bleecker Street, New York, New York 10012

VOID VOID VOID VOID

10-11963-cgm    Doc 3626-11    Filed 07/29/13    Entered 07/29/13 14:57:27    Exhibit J
Pg 16 of 57

# EXHIBIT C

10-11963-cgm    Doc 3626-11    Filed 07/29/13    Entered 07/29/13 14:57:27    Exhibit J
Pg 16 of 57