# EXHIBIT G

Attorney: SHERYL MENKES, ESQ. - 139

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

Index #: 218/2013

ELAINE GARVEY AS ADMINISTRATRIX OF THE ESTATE OF RONALD
BROPHY, DECEASED

Plaintiff(s)

Purchased: January 4, 2013
Date Filed: April 22, 2013

- against -

LUTHERAN MEDICAL CENTER ET AL

Defendant(s)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

LARRY YEE BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A
PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN
THE STATE OF NEW YORK.

That on April 19, 2013 at 09:49 AM at

450 W 33RD STREET MEZZANINE LEVEL
NEW YORK, NY10001

deponent served the within true copy of the SUMMONS WITH NOTICE on ST.
VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK, the
defendant/respondent therein named,

CORPORATION    by delivering thereat a true copy of each to CAROLINE GABER personally, deponent knew said corporation so
served to be the corporation described in said SUMMONS WITH NOTICE as said  defendant/respondent and
knew said individual to be AUTHORIZED to accept thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | WHITE | BLONDE | 65 | 5'0 | 100 |

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to me on: April 19, 2013

da Forman
tary Public, State of New York
01FO5031305
alified in New York County
mission Expires August 1, 2014

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18,
2017

GOTHAM PROCESS INC.
299 Broadway
New York NY 10007

LARRY YEE

License #: 1159230

Docket #:        *861640*

EXHIBIT H

Case 1:13-cv-06902-PKC   Document 16-14   Filed 05/16/14   Page 4 of 27
10-11963-cgm   Doc 3626-11   Filed 07/29/13   Entered 07/29/13 14:5   Page 4 of 27   J
Pg 34 of 57

# AKIN GUMP
# STRAUSS HAUER & FELDLLP

━━━━━ Attorneys at Law

**SARAH LINK SCHULTZ**
214.969.4367/fax: 214.969.4343
sschultz@akingump.com

April 30, 2013

**VIA OVERNIGHT DELIVERY**

Sheryl R. Menkes
325 Broadway, Suite 504
New York, New York 10007

Re:   *Elaine Garvey, administratrix of the Estate of Ronald Brophy, deceased v. Lutheran
      Medical Center, et al.*
      Index No.: 218-2013

Dear Ms. Menkes:

This firm represents Eugene I. Davis in his capacity as liquidating trustee (the "Liquidating Trustee") of the Saint Vincents Catholic Medical Centers of New York Liquidating Trust (the "Liquidating Trust"), the successor in interest to Saint Vincents Catholic Medical Centers of New York ("SVCMC"). I am in receipt of the summons in the above entitled action dated January 4, 2013. I understand that your firm has initiated an action (the "Litigation") on behalf of Elaine Garvey, as administratrix of the Estate of Ronald Brophy against, among others, St. Jerome's Heath Services Corporation d/b/a Holy Family Home and SVCMC.

On April 14, 2010 (the "Petition Date"), SVCMC and certain affiliated debtors— including Holy Family Home—(collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' bankruptcy cases are being jointly administered under Case Number 10-11963 (CGM) before the Honorable Chief Bankruptcy Judge Cecilia G. Morris. Upon the filing of the Debtors' chapter 11 petitions, Bankruptcy Code section 362 automatically stayed, *inter alia*, "the commencement . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement [of the bankruptcy]" (the "Automatic Stay"). See 11 U.S.C. § 362(a)(1).

On June 29, 2012, the Bankruptcy Court entered an order [Docket No. 3060] (the "Confirmation Order") confirming the *Debtors' Second Amended Joint Chapter 11 Plan* [Docket

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
▬▬▬▬ Attorneys at Law

Sheryl R. Menkes
April 30, 2013
Page 2

No. 3035] (together with all supplements thereto, the "Plan").[1] The Plan became effective by its
terms on June 29, 2012 (the "Effective Date"). Pursuant to section 11.3 of the Plan, the
Automatic Stay remains in effect after the Effective Date and until such time as the Debtors'
chapter 11 cases are closed. See Plan at § 11.3. Moreover, with certain exceptions detailed in
the Plan, section 11.5 of the Plan permanently enjoins all claims and actions against the Debtors
that arose before the Effective Date (the "Plan Injunction"). See Plan at § 11.5.

Please be advised that commencement of the Litigation against SVCMC was a direct
violation of the Automatic Stay and is further barred and enjoined by the Plan Injunction.
Moreover, because your client failed to submit a timely proof of claim by the applicable Bar
Date,[2] please be advised that, on the Effective Date, Bankruptcy Code section 1141(d) and
section 11.4 of the Plan discharged all potential causes of action, including the Litigation, that
arose before the Effective Date against the Debtors. The Liquidating Trustee therefore requests
that your client immediately withdraw the Litigation as against SVCMC and provide evidence of
such withdrawal by May 7, 2013.

If you refuse to withdraw the Litigation and continue to pursue the Litigation against
SVCMC, the Liquidating Trustee reserves the right to proceed against your client and enforce its
rights under the Automatic Stay and the Plan, including requesting injunctive relief and/or
seeking to hold your client in civil contempt. To the extent that the Liquidating Trustee obtains a

---

[1] Copies of the Debtors' bankruptcy petitions, the Plan, Confirmation Order, and any other pleadings
referenced in this letter may be obtained, free of charge, from the Debtors' website on
http://www.svcmcrestructuring.com.

[2] On August 20, 2010, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of
Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 773] (the "Bar Date Order"), which
established October 12, 2010 as the deadline for filing proofs of claim in these chapter 11 cases. In addition, the
Bankruptcy Court has established three administrative claim bar dates. On July 1, 2011, the Bankruptcy Court
entered the *Order (I) Fixing of a Deadline for the Filing of Administrative Expense Claims that Arose, Accrued, or
Otherwise became Due and Payable on and Between April 14, 2010 and May 31, 2010, and (II) Approval of the
Form and Manner of Notice in Connection Therewith* [Docket No. 1775] (the "First Administrative Claim Bar Date
Order"). The First Claim Administrative Bar Date Order established August 2, 2011 as the deadline for filing
administrative claims that accrued between the Petition Date and May 31, 2011. On July 1, 2011, the Bankruptcy
Court entered the *Second Order (I) Fixing of a Deadline for the Filing of Administrative Expense Claims that Arose,
Accrued, or Otherwise Became Due and Payable on and Between June 1, 2011 and April 30, 2012, and (II)
Approval of the Form and Manner and Notice in Connection Therewith* [Docket No. 2860] (the "Second
Administrative Claim Bar Date Order"). The Second Administrative Claim Bar Date Order established May 22,
2012 as the deadline for filing administrative claims that accrued between June 1, 2011 and April 30, 2012. Finally,
as part of the Plan confirmation process, the Court established July 30, 2012 as the deadline for filing administrative
expense claims incurred between May 1, 2012 and the Effective Date. *See* Plan at § 2.1; *Order Confirming
Debtors' Second Amended Joint Chapter 11 Plan* at ¶ 6(a) [Docket No. 3060].

# AKIN GUMP
# STRAUSS HAUER & FELDLLP

━━━━━━━━━━ Attorneys at Law

Sheryl R. Menkes
April 30, 2013
Page 3

contempt judgment, the Bankruptcy Court may impose compensatory damages, attorneys' fees, court costs, and punitive damages.[3]

Please contact me immediately at (214) 969-4367 if you have any questions regarding this matter.

Sincerely,

Sarah Link Schultz

cc:   Eugene I. Davis, Liquidating Trustee, SVCMC Liquidating Trust
Jennifer Coffey, General Counsel, Post-Effective Date SVCMC

---

[3] *See, e.g., Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976), cert. denied, 429 U.S. 1093 (1977); *see also Cuffee v. Atlantic Bus. & Cmty. Dev. Corp. (In re Atlantic Bus. & Cmty. Dev. Corp.)*, 901 F.2d 325, 329 (3d Cir. 1990); *Budget Serv. Co. v. Better Homes of Va.*, 804 F.2d 289 (4th Cir. 1986); In re Carter, 691 F.2d 390 (8th Cir. 1982).

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

**SARAH LINK SCHULTZ**
214.969.4367/fax: 214.969.4343
sschultz@akingump.com

June 7, 2013

## VIA EMAIL AND OVERNIGHT DELIVERY

Sheryl R. Menkes
325 Broadway, Suite 504
New York, New York 10007

Re:    *Elaine Garvey, administratrix of the Estate of Ronald Brophy, deceased v. Lutheran Medical Center, et al.*
**Index No.: 218-2013**

Dear Ms. Menkes:

I write in response to your email communications dated June 5 and 6, 2013 and as a follow up to my correspondence dated April 30, 2013. As set forth in detail in my previous correspondence and as discussed over the past several days, the Liquidating Trustee requests that your client immediately withdraw the above-entitled suit (the "Litigation") against SVCMC and Holy Family Home and provide evidence of such withdrawal no later than Wednesday, June 12, 2013. Time is of the essence.

If your client refuses to withdraw the Litigation, the Liquidating Trustee intends to proceed against your client and enforce the Liquidating Trust's rights under the automatic stay and plan injunction, including by seeking injunctive relief and seeking to hold your client in civil contempt. A copy of the motion that the Liquidating Trustee intends to file should you fail to comply with our request for withdrawal is enclosed. To the extent that the Liquidating Trustee obtains a contempt judgment, the Bankruptcy Court may impose compensatory damages, attorneys' fees, court costs, and punitive damages.

Please contact me at (214) 969-4367 if you have any questions regarding this matter.

Sincerely,

Sarah Link Schultz

cc:    Eugene I. Davis, Liquidating Trustee, SVCMC Liquidating Trust
Jennifer Coffey, General Counsel, Post-Effective Date SVCMC

AKIN GUMP STRAUSS HAUER & FELD LLP
David H. Botter
Sarah Link Schultz (*admitted pro hac vice*)
Ashleigh L. Blaylock
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                     :

In re:                      :        Chapter 11
                      :

SAINT VINCENTS CATHOLIC MEDICAL   :      Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,[1]   :
                      :

             Debtors.     :      Jointly Administered
                      :
---------------------------------------------------------- X

**MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF**
**AN ORDER ENFORCING THE PLAN INJUNCTION**

Pursuant to Bankruptcy Code sections 105(a) and 362 and sections 11.3, 11.4, 11.5, and

11.6 of the *Debtor's Second Amended Joint Chapter 11 Plan* [Docket No. 3035] (the "**Plan**"),

Eugene I. Davis, as trustee (the "**Liquidating Trustee**") of Saint Vincents Catholic Medical

Centers of New York Liquidating Trust (the "**Liquidating Trust**"), seeks entry of an order

substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") (i) enjoining

Elaine Garvey, administratrix of the Estate of Ronald Brophy (the "**Plaintiff**") from prosecuting

---

[1] In addition to Saint Vincents Catholic Medical Centers of New York ("**SVCMC**"), the debtors in these
cases were as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center
for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax
Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's
Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home
("**Holy Family Home**"); and (viii) SVCMC Professional Registry, Inc (collectively with SVCMC, the "**Debtors**").
There are certain affiliates of SVCMC who were not Debtors.

the action pending in the Supreme Court of the State of New York, New York County, styled as *Elaine Garvey, administratrix of the Estate of Ronald Brophy, deceased v. Lutheran Medical Center, et al.* Index No.: 218/2013 (the "**State Court Action**") as against any Debtor that is a defendant therein, including SVCMC and Holy Family Home (collectively, the "**Debtor Defendants**"); (ii) declaring the State Court Action void *ab initio* as against the Debtor Defendants, and (iii) awarding the Liquidating Trustee his costs and attorneys' fees incurred in connection with the foregoing. In support of this motion, the Liquidating Trustee respectfully states as follows:

## JURISDICTION

1.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.   On April 14, 2010 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). During the course of their chapter 11 cases, the Debtors operated their businesses as debtors in possession. On June 29, 2012, the Bankruptcy Court entered an order [Docket No. 3060] (the "**Confirmation Order**") approving the Plan. The Plan effective date (the "**Effective Date**") occurred on June 29, 2012. The Liquidating Trustee was appointed pursuant to the Plan as of the Effective Date. On January 24, 2013, the chapter 11 cases for 555 6th Avenue Apartment Operating Corporation, Chait Housing Development Corporation, Fort Place Housing Corporation, and SVCMC Professional Registry, Inc. (collectively, the "**Closed Cases**") were closed.

2

A.    **The Bar Dates**

3.    On August 20, 2010, the Court entered an order [Docket No. 773] (the "**General
Bar Date Order**") fixing October 12, 2010 as the deadline for all creditors to file proofs of claim
against the Debtors for pre-petition liabilities (the "**General Bar Date**").  On or about August 27,
2010, the Debtors served, by and through Epiq Systems (the "**Claims Agent**"), notice of the
General Bar Date to more than 70,000 creditors and potential creditors in accordance with the
General Bar Date Order.  In addition, on September 10, 2010, notice of the General Bar Date
was published in *The New York Times* and *The New York Post* [Docket Nos. 1277 & 1278].  In
response to the General Bar Date noticing, the Debtors received approximately 4,300 timely
proofs of claim asserting liquidated claims of $6.6 billion, plus unliquidated amounts.

4.    On July 1, 2011, the Court entered an order [Docket No. 1775] (the "**First
Administrative Bar Date Order**") fixing August 2, 2011 as the deadline to file proofs of claim
for all claims that arose, accrued, or otherwise became due and payable between April 14, 2010
and May 31, 2011  (the "**First Administrative Bar Date**").  On or about July 7 and 8, 2011, the
Debtors served, by and through their Claims Agent, notice of the First Administrative Bar Date
to known and potential creditors in accordance with the First Administrative Bar Date Order
[Docket No. 1815].  In addition, notice of the First Administrative Bar Date was published in
*The New York Times* and *The New York Post* [Docket Nos. 1891 & 1892]. In response to the
First Administrative Bar Date noticing, the Debtors received approximately 144 claims asserting
liquidated claims of approximately $1.8 million, plus unliquidated amounts.

5.    On April 27, 2012, the Court entered an order fixing May 21, 2012 (the "**Second
Administrative Bar Date**") as the deadline to file proofs of claim for all claims that arose,
accrued, or otherwise became due and payable between June 1, 2011 and April 30, 2012 [Docket
No. 2860].  The Debtors served notice of the Second Administrative Bar Date to known and

potential creditors and published notice of the Second Administrative Bar Date *in The New York Times* and *The New York Post* [Docket Nos. 1968 & 2969]. In response to the Second Administrative Bar Date noticing, the Debtors received approximately 75 claims asserting liquidated claims of approximately $131.3 million, plus unliquidated amounts.

      6.     On June 29, 2012, the Bankruptcy Court entered the Confirmation Order confirming the Plan. The Plan became effective by its terms on June 29, 2012. As part of the Plan confirmation process, the Court established July 30, 2012 (the "**Third Administrative Bar Date**" and, collectively with the General Bar Date, the First Administrative Bar Date, and the Second Administrative Bar Date, the "**Bar Dates**") as the deadline to file proofs of claim for all claims that arose, accrued or otherwise became due and payable between May 1, 2012 and the Effective Date. *See* Plan at § 2.1; Confirmation Order at ¶ 6(a). In response to the Third Administrative Bar Date noticing, the Debtors received approximately 68 claims asserted liquidated claims of approximately $970,000, plus unliquidated amounts.

      7.     The Debtors served Ronald Brophy (the "**Decedent**") at his last known address of 1740 84th Street Brooklyn NY, 11214 with, among other things, notice of (i) the First Administrative Bar Date, (ii) the Second Administrative Bar Date, (iii) entry of the Confirmation Order, and (iv) occurrence of the Effective Date. *See* Affidavits of Service attached hereto as **Exhibit F**.

    **B.**    **The Automatic Stay and Plan Injunction**

      8.     With specific exceptions detailed in the Plan not applicable here, on the Effective Date, the Plan discharged and released all claims against the Debtors, their estates, and their successors that arose before the Effective Date. In addition, again subject to specific exceptions detailed in the Plan not applicable here, the Plan extended the automatic stay in effect as of the Effective Date pursuant to Bankruptcy Code section 362(d)(1), among other things, and enjoined

any person from taking any action in furtherance of prosecuting a claim against the Debtors (the **"Plan Injunction"**). *See* Plan §§ 11.3–11.6. Specifically, section 11.3 of the Plan provides that all injunctions or stays arising under Bankruptcy Code sections 105 or 362 and any order entered during the chapter 11 cases under sections 105 or 362 and in existence on the Effective Date would remain "in full force and effect" until the chapter 11 cases were closed. *See* Plan § 1 1.3. In addition, Plan section 11.4 provides as follows:

> the distributions, rights and treatment provide in the Plan shall be in complete satisfaction, discharge and release, effective as of the Effective Date, of Claims and Causes of Action of any nature whatsoever, whether known or unknown, against, liabilities of, liens on, obligations of the Debtors . . . including demands, liabilities, and Causes of Action that arose before the Effective Date . . . in each case whether or not: (i) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim based upon such debt or right is Allowed; or (iii) the holder of such a Claim has accepted the Plan or is entitled to receive a distribution hereunder.

Plan § 11.4. Section 11.5 of the Plan permanently enjoined all persons who may have held or held a claim against the Debtors "on or after the Effective Date from taking any action in furtherance of such Claim or any other Cause of Action released and discharged under the Plan." Plan § 11.5.

### C.   The State Court Action

9.     On or about January 4, 2013, the Plaintiff commenced the State Court Action against, among other parties, the Debtor Defendants by summoning them to serve a notice of appearance on Plaintiff's counsel. *See Summons with Notice* attached hereto as **Exhibit B**. Upon information and belief, Post-Effective Date SVCMC was served with the summons on or about April 18, 2013. Notably, the summons did not did not specify the dates of alleged claims, nor did it indicate that the Plaintiff was pursuing the State Court Action against the Debtor

Defendants solely for the purpose of obtaining a judgment to establish liability and recover from available insurance proceeds.

10.     On April 30, 2013, Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**"), counsel for the Liquidating Trustee, sent a letter (the "**April 30 Letter**") to Sheryl R. Menkes ("**Ms. Menkes**"), counsel for the Plaintiff, informing Ms. Menkes that the State Court Action violated the Automatic Stay and the Plan Injunction.  The April 30 Letter requested that the Plaintiff withdraw the State Court Action as against the Debtor Defendants.  The April 30 Letter further cautioned Ms. Menkes that failure to do so could result in an award of monetary damages, including costs and attorneys' fees, in favor of the Liquidating Trustee.  A copy of the April 30 Letter is attached hereto as **Exhibit D**.  Akin Gump received no formal response from Ms. Menkes or the Plaintiff.

11.     On or about June 4, 2013, Ms. Menkes telephoned Sarah Link Schultz ("**Ms. Schultz**"), counsel for the Liquidating Trustee.  In summary, Ms. Menkes indicated that she believed the State Court Action was not subject to the Automatic Stay and Plan Injunction because the Plaintiff was pursuing the State Court Action solely for the purpose of obtaining a judgment to establish liability and recover from available insurance proceeds.

12.     On or about June 5, 2013, counsel for the Plaintiff sent counsel for the Liquidating Trustee a verified complaint dated May 14, 2013 alleging, among other things, deprivation of rights pursuant to New York Public Health Law sections 2801-d and 2803-c; negligence and gross negligence injuring Decedent during two time periods: March 25, 2010 through May 24, 2010 and May 27, 2010 through June 6, 2010; negligent administration by SVCMC; and wrongful death.  *See Verified Complaint* attached hereto as **Exhibit C**.  The State Court Action seeks unliquidated monetary and punitive damages against the Debtor Defendants.

6

13.     On June 5, 2013, Ms. Schultz informed Ms. Menkes via email that no insurance coverage is available to cover the claims asserted in the State Court Action. Following several additional phone calls and email communications with Ms. Menkes, it became clear that Plaintiff would not voluntarily withdraw the State Court Action.

14.     In spite of the April 30 Letter and several emails and telephone calls to Ms. Menkes informing her that prosecution of the State Court Action violates the Plan Injunction, the Plaintiff has not withdrawn the State Court Action. Accordingly, the Liquidating Trustee is left with no alternative but to seek the relief requested in this Motion to enforce the Plan Injunction.

## REQUESTED RELIEF

15.     The Liquidating Trustee seeks entry of an order (i) enjoining the Plaintiff from taking any action to prosecute the State Court Action against the Debtor Defendants; (ii) declaring the State Court Action void *ab initio* as against the Debtor Defendants; and (iii) awarding the Liquidating Trustee his costs and attorneys' fees incurred in connection with this Motion and other efforts to enforce the Plan Injunction with respect to the State Court Action, including, without limitation, attorneys' fees incurred during communications with the Plaintiff's counsel.

## BASIS FOR RELIEF

A.     **This Court Has Jurisdiction to Enjoin the Plaintiff from Prosecuting the State Court Action as Against the Debtor Defendants and the Covered Staff**

16.     Section 1334 of title 28 of the United States Code grants federal district courts exclusive jurisdiction over "all cases under title 11," including, by extension, "controversies, adversary proceedings, contested matters, suits, actions or disputes that will occur as the case under the Bankruptcy Code unfolds [and] all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." *See* Collier on Bankruptcy

¶ 3.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.). The United States District Court for the Southern District of New York has referred such matters to the United States Bankruptcy Courts for the Southern District of New York. *See Standing Order M-431 Referring to the Bankruptcy Judges for the Southern District of New York and or All Proceedings Arising Under Title 11*, dated January 31, 2012 (Preska, Acting C.J.).

17.    Moreover, this Court explicitly retained broad jurisdiction over all matters arising in, arising under, or related to these chapter 11 cases, including to "issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation or enforcement of [the] Plan, the Confirmation Order or any other order of the Bankruptcy Court . . . [and] hear any disputes arising out of, and to enforce, the Tail Settlement Agreements." *See* Plan, at § 12; Confirmation Order at ¶ 15; *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 138 ("the Bankruptcy Court plainly [has] jurisdiction to interpret and enforce its own prior orders . . . "). Accordingly, this Court has jurisdiction to enjoin the Plaintiff from prosecuting the State Court Action.

**B.    The Plaintiff Is Violating the Plan Injunction**

18.    As discussed in detail above, the Plan includes at least one provision that precludes the Plaintiff from prosecuting the State Court Action. Specifically, the Plan Injunction extends all stays, including the Automatic Stay, and any order entered during the chapter 11 cases under Bankruptcy Code sections 105 or 362 that remains in existence on the Effective Date and provides that such stays and orders will remain in full force and effect until the chapter 11 cases are closed. *See* Plan § 11.3.

19.    By filing the State Court Action and refusing to withdraw the same when notified of the Plan Injunction, the Plaintiff has repeatedly violated the Plan Injunction. The State Court Action clearly involves enjoined claims against the Debtor Defendants. Despite the Liquidating

8

Trustee's best efforts to inform Plaintiff's counsel of the ongoing violations of orders of this Court, the Plaintiff and its counsel have refused to act to withdraw the State Court Action as against the Debtor Defendants.

20.     Continued prosecution of the State Court Action would irreparably harm the Liquidating Trust, which would be forced to expend time and financial resources defending the State Court Action outside of this Court.   Additionally, unsecured creditors, the intended beneficiaries of the Liquidating Trust, would be prejudiced both by the delays that such litigation would cause and by the expenses that the Liquidating Trust would incur in that distributions to unsecured creditors could be delayed and reduced.

21.     Further, the Plan Injunction was designed to prevent claimants from interfering with the Liquidating Trust's claims administration process so that the Liquidating Trustee can efficiently resolve claims against the Debtors' estates and make distributions pursuant to the Plan. These mechanisms, which were critically important to the negotiation of the Plan, carefully balance the interests of all parties in interest. The procedures put in place by the Debtors and the Liquidating Trustee were designed to eliminate costly litigation, including attorneys' fees and expenses on each side, and delays inherent in redressing disputes outside of the Bankruptcy Court. Failure to enforce the Plan Injunction would frustrate Liquidating Trustee's efforts and increase costs associated with claims resolution.

22.     Accordingly, the Liquidating Trustee respectfully requests that this Court enter and order enjoining the Plaintiff from taking any action whatsoever to prosecute the State Court Action as against the Debtor Defendants.

**C.    Bankruptcy Code Section 524(e) Does Not Except the State Court Action from the Automatic Stay and Plan Injunction**

23.    Plaintiff has not filed any proof of claim against the Debtors' estates. [2]
Notwithstanding Plaintiff's failure to file a timely proof of claim, upon information and belief,
Plaintiff argues that the State Court Action is not subject to the Automatic Stay and Plan
Injunction because it falls within an exception pursuant to Bankruptcy Code section 524(e).    In
support of its position, Plaintiff cited the Liquidating Trustee to *Minafri v. United Artists
Theatres, Inc.*, 782 N.Y.S.2d 177 (N.Y. Sup. Ct. 2004) (holding that bankruptcy injunction was
not a barrier to suit against debtor for purpose of establishing tort liability to recover against
debtor's insurer); *Shakir v. U.S. Leasing Int'l, Inc.*, 831 N.Y.S.2d 362 (N.Y. Sup. Ct. 2006)
(holding that a claim asserted for the sole purpose of establishing the liability of a party's insurer
is not barred by that party's discharge in bankruptcy); *Lumbermens Mut. Cas. Co. v. Morse Shoe
Co.*, 630 N.Y.S.2d 1003 (N.Y. App. Div. 1995) (holding that a suit could proceed against
discharged debtor for the sole purpose of recovering against insurer).

24.    However, as Ms. Menkes was informed in writing on June 5, 2013, no insurance
coverage is available to satisfy the claims asserted in the State Court Action. As set forth in the
Declaration of Timothy J. Lenane attached hereto as **Exhibit E**, SVCMC sold Holy Family
Home to KFG Operating Two, LLC during the Debtors' chapter 11 cases. The sale closed on
January 20, 2012.    Upon closing the sale, SVCMC terminated the insurance coverage it

---

[2] Plaintiff also seems to argue that the Bar Dates do not bar her claims against the Debtors because Plaintiff
did not receive actual notice of the Bar Dates. As set forth above, the Debtors served Decedent with, among other
things, notice of (i) the First Administrative Bar Date, (ii) the Second Administrative Bar Date, (iii) entry of the
Confirmation Order, and (iv) occurrence of the Effective Date.

Notwithstanding the issue of whether Plaintiff received actual notice of the Bar Dates, it is well-established
law that notice by publication is appropriate where notice by mail is impracticable or it is desirable to supplement
the bar date notice. *See* Fed. R. Bankr. P. 2002(l); *Mullane v. C. Hanover Bank & Trust Co.*, 339 U.S. 306, 317
(1950) (publication is acceptable "where it is not reasonably possible or practicable to give more adequate warning,"
whereas when names and addresses are available, notice must be mailed); *In re Enron Corp.*, No. 01-16034 (AJG),
2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("A debtor must send actual notice of the bar date to any
known creditor, while constructive notice is generally sufficient with an unknown creditor.").

maintained for Holy Family Home for claims arising from, among other things, medical malpractice and actions arising under New York Public Health Code section 2801-d (the "HFH Policy"). The HFH Policy's policy number was PJ 12154, it was issued by Queeksbrook Insurance Limited, and it expired on January 20 2012. The HFH Policy was a "claims made" policy, which covers claims that are made during the HFH Policy's term. The HFH Policy, however, did provide a grace period for claims that arose during the HFH Policy's term and were made within sixty (60) days of the HFH Policy's termination date of January 20, 2012. Accordingly, for claims to be paid under the HFH Policy, they must have been noticed no later than March 20, 2012. SVCMC did not purchase an additional tail policy for Holy Family Home.

25.     Also as set forth in the Lenane Declaration, the Debtors' books and records do not show that Holy Family Home ever put its carrier on notice of any claim having been made or asserted, or any event having been identified relating to the Decedent until PED SVCMC received a summons relating to the State Court Action in April 2013. Because notice of a potential claim by Decedent was not received until more than one year after the expiration of the grace period to file a claim under the HFH Policy, and because SVCMC did not maintain coverage that would be available to cover claims asserted in the State Court Action, no insurance coverage is available under any policy currently or previously held by Post-Effective Date SVCMC or any of the Debtors.

D.     **The Liquidating Trustee Is Entitled to Reimbursement of Attorneys' Fees and Costs**

26.     There can be no dispute that the Plaintiff been aware of the Court's orders, including the Confirmation Order (and the Plan Injunction contained therein) since at least April 30, 2013. Multiple efforts were made by counsel to the Liquidating Trustee to avoid the continued prosecution of the State Court Action by the Plaintiff. *See e.g.*, April 30 Letter. In

11

spite of receiving multiple notices of both the existence of Plan Injunction and the fact that the Plaintiff could be ordered to pay the Liquidating Trust's costs and attorneys' fees associated with the enforcement of the Court's orders, the Plaintiff chose to ignore such warnings and has failed to discontinue the State Court Action.

27.    Under the circumstances, and given the blatant disregard for this Court's orders, the Plaintiff should be accountable to the Liquidating Trust and should be compelled to reimburse it for the costs incurred relating to this Motion and prior efforts to enforce the terms of the Plan Injunction. *See Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 230 (2d Cir. 1991) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[an] attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay.'") (citing *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986)); *In re Gorshtein,* 285 B.R. 118, 124 (Bankr. S.D.N.Y. 2002) (granting sanctions pursuant to Bankruptcy Code section 105(a)). Neither the Liquidating Trust nor its beneficiaries should be penalized by bearing the costs of reacting to a willful disregard for the orders of this Court. For these reasons, the Liquidating Trustee respectfully requests that the Plaintiff be ordered to reimburse the Liquidating Trust for the expenses reasonably incurred to enforce the Plan Injunction.

## RESERVATION OF RIGHTS

28.    Nothing contained herein is intended to or should be construed as a limitation on—or waiver of—the Liquidating Trustee's right to object to any proof of claim filed by the Plaintiff on any basis (including failure to comply with any order establishing a deadline to file a proof of claim against the Debtors' estates), and shall not be deemed to be an admission or waiver of the Liquidating Trustee's rights with respect to, among other things, the allowability, priority, and/or amount of such claims.

12

Case 1:13-cv-06902-PKC Document 16-14 Filed 05/16/14 Page 20 of 27

**NOTICE**

29.    The Liquidating Trustee has served notice of this Motion upon the parties identified on the Special Service List in these cases, established under the *Second Amended Final Administrative Order Establishing Case Management and Scheduling Procedures* [Docket No. 3325] (as it may be further amended, the "Case Management Order"), the parties on the General Service List in these cases, established under the Case Management Order, and the Plaintiff.    The method of service conformed to the requirements set forth in the Case Management Order.    The Liquidating Trustee submits that no other or further notice need be provided.

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court (i) enter an order, substantially in the form annexed hereto as **Exhibit A** enjoining prosecution of the State Court Action against the Debtor Defendants; (ii) declaring the State Court Action void *ab initio* as against the Debtor Defendants; (iii) granting the Liquidating Trustee his costs and attorneys' fees incurred in connection with this Motion and other efforts to enforce the Plan Injunction with respect to the State Court Action; and (iv) grant such other and further relief as may be appropriate.

Dated: _____, 2013
New York, New York

> /s/ DRAFT
> AKIN GUMP STRAUSS HAUER & FELD LLP
> David H. Botter
> Sarah Link Schultz (*admitted pro hac vice*)
> Ashleigh L. Blaylock
> One Bryant Park
> New York, New York 10036
> (212) 872-1000 (Telephone)
> (212) 872-1002 (Facsimile)
>
> *Counsel to the Liquidating Trustee*

13

104810352

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

In re:                                              :        Chapter 11
                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                     :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,[1]                     :
                                                    :
                            Debtors.                :        Jointly Administered
                                                    :
------------------------------------------------------------ X

## ORDER ENFORCING THE PLAN INJUNCTION

Upon the motion (the "**Motion**"),[2] of Eugene I. Davis, as trustee (the "**Liquidating Trustee**") of Saint Vincents Catholic Medical Centers of New York Liquidating Trust under the *Debtors' Second Amended Joint Chapter 11 Plan*, dated as of June 21, 2012 (the "**Plan**"), seeking entry of an order (i) enjoining the Plaintiff from taking any action to prosecute the State Court Action against the Debtor Defendants; (ii) declaring as void *ab initio* the State Court Action as against the Debtor Defendants; and (iii) awarding the Liquidating Trustee his costs and attorneys' fees incurred in connection with this Motion and other efforts to enforce the Plan Injunction, all as more fully set forth in the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 12.1 of the Plan, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the *Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, Acting C.J.); and (c) notice of the Motion

---

[1] In addition to SVCMC, the Debtors in these cases were as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. (collectively, the "**Debtors**"). There are certain affiliates of SVCMC who were not Debtors.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

104810352

being sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety.

2. The Plaintiff is hereby enjoined from taking any action to prosecute the State Court Action against the Debtor Defendants.

3. The State Court Action is hereby declared void *ab initio* as against the Debtor Defendants.

4. The Liquidating Trustee is awarded his costs and attorneys' fees incurred in connection with the preparation of this Motion and all prior efforts by the Liquidating Trustee to enforce the terms of the Plan Injunction in connection with the State Court Action (including, without limitation, attorneys' fees incurred in communication with the Plaintiff and/or her attorneys).

5. The Court shall retain jurisdiction over any and all issues arising from or related to this Order.

Dated: _____, 2013
        New York, New York
                                    _____
                                    THE HONORABLE CECELIA G. MORRIS
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

2

104810352

## EXHIBIT B

**Summons with Notice**

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**

[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| MARIA VERGES | 11/11/1963 | 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 |

| Patient Address: |
|---|
| 108 Marcy Place Bronx, New York. |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT,** except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Paul Brisson M.D., 51 East 25th Street, 6th Floor New York, New York 10010

8. Name and address of person(s) or category of person to whom this information will be sent: LESTER SCHWAB KATZ & DWYER, LLP, 120 Broadway New York, New York 10271.

9(a). Specific information to be released:

☐ Medical Record from (        ) to (        )

☒ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

| ☐ Other: | Include: (Indicate by Initialing) |
|---|---|
| | ☐ Alcohol/Drug Treatment |
| | ☐ Mental Health Information |
| | ☐ HIV-Related Information |

**Authorization to Discuss Health Information**

☐ By initialing here_____ I authorize
                    Initials

to discuss my health information with my attorney, or a governmental agency, list here:

| 10. Reason for release of information: | 11. Date or event on which this authorization will expire: |
|---|---|
| ☐ At request of individual | End of Litigation |
| ☒ Other: Litigation | |

| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |
|---|---|
| | Power of Attorney |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form

Date: _____

_____

Signature of patient or representative authorized by law.

---

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# EXHIBIT I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X

ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

               Plaintiff,

      -against-

HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC
MEDICAL CENTERS OF NEW YORK a/k/a SAINT
VINCENT CATHOLIC MEDICAL CENTERS a/k/a
SVCMC-ST VINCENTS MANHATTAN,

              Defendants.
------------------------------------------------------------------------X

Index Number 10404/2013
Date Filed June 5, 2013

Plaintiff designates KINGS
County as place of trial.
The basis of venue is plaintiff's
residence.
**SUMMONS AND VERIFIED**
**COMPLAINT**

**To the above named Defendants:**

    **You are hereby summoned to** answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney within twenty (20 ) days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
herein.

Dated: New York, New York
     June 5, 2013

Sheryl R. Menkes
Attorney for Plaintiff
325 Broadway, Suite 504
New York, New York 10007
212-285-0900

KINGS COUNTY CLERK
RECEIVED
2013 JUN -5 PM 2: 47