EXHIBIT E

Affirmation of the Attorney for Creditor Elaine Garvy Administratrix
of the Estate of Ronald Brophy Deceased in Opposition to the Motion
of the Liquidating Trustee to Enjoin said Creditor from Pursuing her
Personal Injury Claim

SHERYL R. MENKES, ESQ.
Attorney for Creditor Elaine Garvy
325 Broadway Suite 504
New York, New York 10007

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

In re:

Chapter 11
Case No.: 10-11963(SRM)

Saint Vincent's Catholic Medical Centers
of New York, et. al.

Debtors.
----------------------------------------------------------------------X

## AFFIRMATION OF THE ATTORNEY FOR
## CREDITOR ELAINE GARVYADMINISITRATRIX
## OF THE ESTATE OF RONALD BROPHY DECEASED
## IN OPPOSITION TO THE MOTION OF THE LIQUIDATING TRUSTEE
## TO ENJOIN SAID CREDITOR FROM PURSUING HER PERSONAL INJURY CLAIM.

1. SHERYL R. MENKES, ESQ., attorney for creditor Elaine Garvy, administratrix of the

Estate of Ronald Brophy was served affirms the following under the penalties of perjury pursuant

to 28 USC 1746.

2. It appears that the papers of counsel for the creditors is primarily concerned with ad

hominum attacks on your affirmant. It is my opinion that said attacks are aimed at deflecting this

court's attention from the fact that known creditor Elaine Garvy was never served with the

required formal notice of the bankruptcy proceeding and bar date, due entirely to the lack of

diligence of debtors herein.

3. I will not respond to the attacks of attorney for creditors upon my character in detail,

as this is not professional. I will suffice by stating that although attorney for creditors sent me

several letters all of which are threatening in character, she provided me with little information

regarding the bankruptcy.

4. I had considered withdrawing the state court action, however, my research into this topic revealed that my client had a viable cause of action. As such I am bound by the Cannons of Ethics to provide my client with zealous representation.

5. I did in fact file an additional state court action in order to preserve her statute of limitations for bringing her claim. Failure to do so would be legal malpractice.

6. I also add at this point, that I was served with creditors papers on July 31, 2013. The return date therein was August 8, 2013. Since I am not primarily a bankruptcy attorney I knew that I would require more time to adequately oppose debtor's motion.

7. I submitted a request for an adjournment which was denied. I received notification of same today be Fed Ex from creditor's attorneys. I therefore immediately began drafting the within opposition, and respectfully request that same be accepted and considered in the interests of justice.

8. Elaine Garvy seeks relief from stay, and compensation for the injuries her father sustained as a result of nursing home abuse and neglect while a patient at Holy Family Home from 3/25/-10-5/24/10, and from 5/27/10 to 6/6/10 wherein he sustained pressure ulcers that ultimately caused his death.

*(Exhibit A).*

9. Holy Family Home, prior to its sale was located at 1740 84th Street, Brooklyn, New York 11214. *(Exhibit B).*

10. On July 31, 2013, when I was served with debtor's opposition to creditors state court action, I was given for the first time purported affidavits of service on decedent Ronald Brophy of the Order of Deadline for filing Administrative Expense Claims, and Notice of Disclosure of

Statement Hearing. These documents were attached as Exhibits F in creditors State Court opposition papers and are attached hereto as *(Exhibit C)*.

11. Review of these affidavits of service purported to give decedent notice of the bankruptcy proceeding and of his need to file his proof of claim by a date certain, indicate that decedent was served at 1740 84th Street, the address of Holy Family Home, creditors own facility. Furthermore, these documents were purportedly served on July 7, 2011 and April 27, 2012.

12. A review of decedent's medical records which were kept in the ordinary course of business at creditor's facility reveals that during decedent's residency at Holy Family Home he was non compus mentus as he was suffering from psychosis and dementia while a patient at Holy Family Home. *(Exhibit D).*

13. What is more, a review of these same medical records in possession of creditor indicates that decedent Ronald Brophy left Holy Family Home on June 7, 2010, and died on June 10, 2010. *(Exhibit E)*

14. Thus it is clear that decedent was never served with requisite notice.

15. What is more, also contained in creditors own medical records it kept in the regular course of business on decedent Ronald Brophy, was that Elaine Garvy, creditor herein, was his next of kin. *(Exhibit F).*

16. In addition Elaine Garvy requested decedent's medical records from debtors prior to the applicable bar dates by way of an authorization for release of said records from clearly indicating the request for these records was made for the purposes of litigation. *(Exhibit G)*

17. It clear that no actual notice of the bar dates were ever timely given to decedent or Elaine Garvy administrator of his estate. It is also clear that debtors were negligent in performing their required due diligence to locate and notify known creditors, especially when a review of

their own records would indicate that decedent no longer resided at their facility and would also provide the address of his estate administratrix.

18. Constitutional due process implications arise when as here, a known creditor fails to receive formal notice of a bankruptcy proceeding. *In re Harlopouolos, 118 F3d 1240 (8th Cir. 1997).* A known creditor has the right to adequate notice and a meaningful opportunity to participate in the bankruptcy proceeding. *In re Avery, 124 B.R. 447 (Bankr. N.D. Ga. 1991).* Due process requires that a party receive notice, which is reasonably calculated, under all circumstances, to apprise interested parties of the pending action so that they can present view and protect their rights. *See Mullan v. Central Hanover Bank & Trust Co., 339 US 306 (1950).*

19. Where as here, the creditor plaintiff is known by the debtor defendants, but not given notice of the bar date, the creditor plaintiff is not required to file said notice of claim before the designated bar date. ( *11 USCA Section 523 (c)(1); Fed. Rules Bankr.Poc., Rule 4007).*

20. In addition, since decedent was non compus mentus he was not required to file pursuant to the Bankruptcy Code.

21. Similarly, 11 USC Section 1141 does not discharge the debt of a creditor plaintiff that was known to a corporate debtor defendant, but the corporate debtor defendant failed to give notice to the creditor plaintiff of the bar date for filing proof of claim. *In re Adam Glass Service, Inc., 173 B.R. 842 (EDNY 1994); 1440 Richmond Realty Corp., v. Four Bridges Development Corp. 188 Misc 2d 42 (Supreme Court Richmond County 2001).* The burden rests on the debtor to establish that the known creditor had **actual notice. (Emphasis Added).** *Graber v. Gault, 103 App. Div 511, 93 NYS 76; Weiner Fur Corporation v. Levy City Ct. N.Y. 40 NYS2d 344.* Thus it is clear that plaintiff's personal injury claim which was known to the debtors prior to the bankruptcy bar date, and to whom no actual notice of said bar date was given

is not discharged by debtor defendants' bankruptcy proceedings.

22. The United States Bankruptcy Court for the Southern District of Ohio has ruled that to permit discharge of a personal injury claim, where as here, the debtor defendant had knowledge of the claim prior to the Bar Date, yet failed to provide the claimant actual notice of the bankruptcy proceeding would violate the claimant's right to due process. *In the Matter of Federated Department Stores Corporation, 158 B.R. 103 (1993) quoting Reliable Electric Co., Inc. V. Olson Constr. Co. 726 F. 2d. 620 (10ᵗʰ Cirt 1984).*

23. In *Federated,* an analogous matter, the *Federated* plaintiff maintained that *Federated* was well aware of her contingent liability for plaintiff's injuries prior to the bankruptcy bar date, and as a result that plaintiff s ould have been served with **formal notice** o fsame. Both the State Court and the Bankruptcy Court agreed. The Bankruptcy Court held that without receipt of formal notice which is "an elementary and fundamental requirement of due process in any proceeding which is to be afforded finality" the discharge in the confirmation order has no application to the plaintiff, and she is therefore entitled to proceed with the state court action with all rights to levy execution on any favorable judgement just as if there had never been a bankruptcy. *Federated, quoting Mullins v. Central Hanover Bank & Trust Co., 339 US 306, 70 s. Ct. 652 94 L.Ed. 865(1950);*

24. As held in *Alam v. AMF Bowling Centers, Inc., 798 NYS2d 707 (Supreme Court Nassau Cty. 2004),* a another highly analogous matter, a personal injury plaintiff would have no reason to know that a corporate debtor had filed for bankruptcy without formal notice, and without formal notice having been served prior to the bar date, plaintiff's claim was not barred by the bankruptcy discharge. The *Alam* Court went on to hold that since the defendant debtors failed to serve a known personal injury creditor with a contingent liability claim actual notice of the

bankruptcy proceedings, plaintiff was permitted to continue her personal injury claim in state
court.

25. As held in *Alam v. AMF Bowling Centers, Inc., 798 NYS2d 707 (Supreme Court
Nassau Cty. 2004)*, a another highly analogous matter, a personal injury plaintiff would have no
reason to know that a corporate debtor had filed for bankruptcy without formal notice, and
without formal notice having been served prior to the bar date, plaintiff's claim was not barred by
the bankruptcy discharge. The *Alam* Court went on to hold that since the defendant debtors failed
to serve a known personal injury creditor with a contingent liability claim actual notice of the
bankruptcy proceedings, plaintiff was permitted to continue her personal injury claim in state
court.

26. Debtors' argument that Holy Family Home failed to have liability insurance to cover
creditor's personal injury claim is not persuasive.

26. Pursuant to New York Insurance Law Section 3420 (a)(1) they were mandated to
purchase same. Debtors cannot benefit from their own wrongdoing especially at the expense of
innocent third parties.

27. What is more, if filing a proof of claim is required despite the fact that debtor failed
to perform due diligence to serve this known creditor with actual notice of the bar date and
bankruptcy proceeding, this court may permit an extension of time to file in the interest of justice
pursuant to FRBPe 3002 (2), 9006(b)(1) and *Pioneer Inv., Servs Co. V. Brunswick Assoc. L.P.,
113 S ct. 1489 (19930.* or in the alternative, accept creditor's State Court Action, attached as an
Exhibit to Debtor's moving papers as an informal proof of claim.

28. Upon determination of this matter in favor of creditor she will move to remove this
matter for liquidation to Federal Court Southern District pursuant to their subject matter

jurisdiction to liquidate this claim which the Bankrupcty Court does not have.

WHEREFORE, creditors requests relief from the automatic stay in order to prosecute her

claim on behalf of the Estate of Ronald Brophy, attorney fees incurred in connection with this

motion, and for such other relief as this Court deems just and proper.

Dated:        New York, New York
              August 13, 2013

Sheryl R. Menkes, Esq.,
Attorney for Creditor
Elaine Garvy as
Administratrix of the
Estate of Ronald Brophy
325 Broadway Suite 504
New York, New York 10007
(212) 285-0900

## EXHIBIT INDEX

Exhibit A…………………………………………………………. Photographs of Injuries

Exhibit B…………………………………………………. Address of Holy Family Homes

Exhibit C………………………………………………….. Debtors Affidavits of Service

Exhibit D…………………………………………….. Initial Assessment of Ronald Brophy

Exhibit E…………………………………………………………….. Discharge Summary

Exhibit F…………………………………………………….. Admission Information

Exhibit G………………………………………………….. Requests for Medical Records

EXHIBIT A

Photographs of Injuries



## EXHIBIT B

Holy Family Homes Address

Holy Family Home – 1740 84th Street, Brooklyn, NY 11214 – Senior... Pg 2of2 www.seniorhousingnet.com/seniorliving-detail/holy-family-ho...

Visit our other sites:   MOVE.RENTALS | REALTOR.COM   MOVE NEW HOMES | MOVING.COM

## Senior HousingNet

part of m...ve

Senior Living    55+ Community    Independent Living    Assisted Living    Alzheimer's Care    Continuing Care



### Holy Family Home
1740 84th Street,
Brooklyn, NY 11214

View Contact Info

We have limited information for Holy Family Home.

We have limited information about Holy Family Home, we can tell you that Holy Family Home is located in Brooklyn, NY at 1740 84th Street and provides the following types of care: Nursing Care.

### Find Senior Living

City & State, or Zip

What Type?
Please select at least one type of care.

- 55+ Lifestyles
- Independent Living
- Assisted Living
- Alzheimer's Care
- Continuing Care (CCRC)
- Low Income-Affordable

Search    Not sure what to look for? Try our Senior Care Assessment Tool.

Advertisement

ARTHUR BEREN
SHOP STUART WEITZMAN

## Nearby Communities

| Prospect Park Residence | Heritage Pointe of Teaneck | Hallmark Battery Park | Flushing House |
|---|---|---|---|
|  |  |  |  |
| Rates from $3700.00 (888) 282-7797 | Rates from $3200.00 (866) 939-6143 | Rates from $5225.00 (877) 201-2706 | Rates from $2400.00 (877) 292-5862 |
| See Details | See Details | See Details | See Details |

See more communities in Brooklyn, NY

## Holy Family Home

Community Info    Map & Directions

### Finding senior care services at Holy Family Home

Our records show that Holy Family Home has nursing care senior care options for elderly adults in Brooklyn, NY. This senior care provider is located at 1740 84th Street, Brooklyn, NY. The red arrow on the below map of Brooklyn is where Holy Family Home is located, which can help if you need to find out exactly where Brooklyn is found. These are the only facts we can confidently tell you about this care provider, but we can tell you about the different senior care services offered at Holy Family Home.

### Senior Care Services at Holy Family Home

Holy Family Home residents and relatives may have access to the following senior care programs.

- **Nursing Care:** Nursing homes are a care option for seniors that need 24-hour healthcare and assistance with personal care, but don't quite need to be in a hospital. These homes, for the most part can vary from a neighborhood setting, to a hospital-like environment, and have on-site medical professionals and professional staff. Nursing homes generally provide an alternate residence for seniors that can't have home care as an option, because each place is different and offer different services, contact Holy Family Home first to establish care amenities there meet your expectations.

Do you represent this community? If you represent Holy Family Home, learn about how you can add photos and customize this page by contacting our representation chat.

### Start A New Search

Search for Senior Living

City & State, or Zip          Search

Not Sure What to Look For? Try out our Senior Care Assessment Tool.

### Find a Mover

Move Date

Move From (Zip Code)

Move Size
Select a Size

Advertisement

Turn a **PORTION** of your Structured Settlement Payments
into **CASH NOW!**
peachtree

EXHIBIT C

Debtors Affidavits of Service

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                               :
In re:                                         :     Chapter 11
                                               :
SAINT VINCENTS CATHOLIC MEDICAL                :     Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al,[1]                 :
                                               :     Jointly Administered
            Debtors.                           :
                                               :     Ref. Docket No. 1775
                                               :
-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

PANAGIOTA MANATAKIS, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757
    Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not
    a party to the above-captioned action.

2.  I caused to be served the:

        a.  "Order (I) Fixing of a Deadline for the Filing of Administrative Expense Claims that
            Arose, Accrued or Otherwise Became Due and Payable on and Between April 14,
            2010 and May 31, 2011, and (II) Approval of the Form and Manner of Notice In
            Connection Therewith," dated July 1, 2011 [Docket No. 1775], (the "Administrative
            Bar Date Order"), and

        b.  "Notice of Deadline for Filing of Administrative Expense Claims that Arose,
            Accrued, or Otherwise Became Due and Payable on and Between April 14, 2010 and
            May 31, 2011," dated July 7, 2011, *related to Docket No. 1755*, annexed hereto as
            Exhibit A, (the "Administrative Bar Date Notice"),

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii)
Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort
Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home,
Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation
d/b/a Holy Family Home; and (v ii) and SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC
who are not Debtors.

T:\Clients\SV2\Affidavit\Admin Bar Date Order, Admin HDN_DJ1775_UNREDACTED AFF_7-7-8-11.docx

Case 1:13-cv-06902-PKC Document 16-15 Filed 05/16/14 Page 16 of 23

10-11963-cgm13-cv-06902-BKCFiledDocument16-15ocument13-5 EnteredFiled 05/16/14Entered 07/29/13 14:57:27Page 18 ofExhibit C
Pg 3 of 27

10-11963-cgm    Doc 3626-7    Filed 07/29/13    Entered 07/29/13 14:57:27    Exhibit F
Pg 3 of 26

by causing true and correct copies of the:

  i.  Administrative Bar Date Order and Administrative Bar Date Notice, to be
      delivered via electronic mail to the Special Service List, parties identified on the
      annexed Exhibit B, the General Service List, parties identified on the annexed
      Exhibit C, on July 7, 2011,

  ii. Administrative Bar Date Order and Administrative Bar Date Notice, to be
      enclosed securely in separate postage pre-paid envelopes and delivered via
      overnight mail to the Special Service List, parties identified on the annexed
      Exhibit D, the General Service List, parties identified on the annexed Exhibit E,
      on July 7, 2011, and

  iii. Administrative Bar Date Notice, to be enclosed securely in separate postage pre-
      paid envelopes and delivered via first class mail to the Additional Parties,
      identified on the annexed Exhibit F, on July 8, 2011.

3   All items served by mail or overnight courier included the following legend affixed on the
    envelope: "LEGAL DOCUMENTS ENCLOSED; PLEASE DIRECT TO ATTENTION OF
    ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

                                                        Panagiota Manatakis

Sworn to before me this
18th day of July, 2011

Notary Public

PARASCOTTE CARIS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01CA6237515
COMM. EXP. MARCH 21, 2015

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X
                                          :
In re.                                    :        Chapter 11
                                          :
SAINT VINCENTS CATHOLIC MEDICAL           :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,              :
                                          :
                    Debtors.              :        Jointly Administered
                                          :
-------------------------------------------------- X

### NOTICE OF DEADLINE FOR FILING OF ADMINISTRATIVE
### EXPENSE CLAIMS THAT AROSE, ACCRUED, OR OTHERWISE BECAME
### DUE AND PAYABLE AFTER APRIL 14, 2010 THROUGH MAY 31, 2011

TO ALL CREDITORS, PARTIES IN INTEREST AND GOVERNMENTAL UNITS THAT MAY HAVE AN
ADMINISTRATIVE EXPENSE CLAIM AGAINST SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF
NEW YORK ("**SVCMC**") OR ITS AFFILIATED ENTITIES[1] (COLLECTIVELY, THE "**DEBTORS**") THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

PLEASE TAKE NOTICE, that the United States Bankruptcy Court for the Southern District of
New       York       (the      "**Bankruptcy     Court**")     has      entered      an      order      dated
July    1,    2011    [Docket    No.    1775]    (the    "**Administrative    Bar    Date    Order**")    establishing
**August 2, 2011** at 4:00 p.m. (prevailing Eastern Time) (the "**Administrative Bar Date**") as the last date and time
for certain persons or entities (including, without limitation, individuals, partnerships, joint ventures, corporations,
estates, and trusts) to file requests for allowance and payment of administrative claims against the Debtors for the
period after April 14, 2010 through May 31, 2011 (the "**Administrative Expense Period**"), including claims
entitled to priority in accordance with sections 503(b) and 507(a) of the Bankruptcy Code (the "**Administrative
Expense Claims**"). Such Administrative Expense Claims will be deemed filed only when they are actually
received. With respect to any Administrative Expense Claims that arose, accrued, or otherwise became due and
payable **on or after June 1, 2011,** the Court will fix a supplemental bar date. You will receive notice of that date at
a later time

### I.    WHO MUST FILE A PROOF OF ADMINISTRATIVE CLAIM

If you have an administrative expense claim that: (a) arose under 11 U.S.C. §§ 503(b) and
507(a)(1), (b) after April 14, 2010 through May 31, 2011, and (c) is not one of the types of claims described in
section 2 below, you MUST timely file a request for allowance and payment of such claims to share in distributions
from the Debtors' bankruptcy estates. Administrative expense claims based on acts or omissions of the Debtor that
occurred after April 14, 2010 through May 31, 2011 must be filed on or prior to the Administrative Bar Date even if
such claims are not now fixed, liquidated or certain, or did not mature or become fixed or liquidated or certain
before May 31, 2011.

Under 11 U.S.C. § 101(5) and as used herein, the word "claim" means: (a) a right to payment,
whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis
J. Mugavero Center for Geriatric Care Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing
Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth
Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii)
SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 503 defines administrative expense claims, in part, as "all necessary costs and expenses" of preserving the debtor's estate, including wages, salaries and commissions (and any taxes withheld from such wages, salaries or commissions)." By way of example, if you: (a) supplied goods or services to the Debtor, (b) during the period after April 14, 2010 through May 31, 2011, and (c) have not been paid for those goods or services, then you may have an administrative claim. If you provided goods or services on or before April 14, 2010, then you may not have an administrative claim for those goods or services, Please consult your legal advisor if you have any uncertainty as to whether your proposed claim may constitute an administrative claim. The preceding explanation is intended to provide guidance, not to serve as legal advice.

2.    ENTITIES THAT DO NOT NEED TO FILE A PROOF OF ADMINISTRATIVE CLAIM

Notwithstanding the foregoing, at this time, you need not file a proof of administrative claim on or before the Administrative Bar Date if you are:

(a)    Any person or entity that holds an Administrative Expense Claim that has been allowed by an order of the Bankruptcy Court entered on or before the Administrative Bar Date;

(b)    Any Administrative Expense Claim which arose, accrued, and otherwise becomes due and payable subsequent to the Administrative Bar Date;

(c)    Any holder of an Administrative Expense Claim who prior to the Administrative Bar Date filed a proof of Administrative Expense Claim with the Clerk of the Bankruptcy Court;

(d)    Any Administrative Expense Claim held by the Office of the United States Trustee under section 1930(a)(6) of title 28, United States Code;

(e)    Any Professionals retained by the Debtors or the unsecured creditors committee under Court order pursuant to sections 327, 328, 330, 331, or 1103 of the Bankruptcy Code;

(f)    Any Administrative Expense Claim held by General Electric Capital Corporation or any other party arising out of the DIP credit agreement or the prepetition credit agreement under which General Electric Capital Corporation served as agent;

(g)    Any Administrative Expense Claim held by the Debtors' officers, directors, and crisis managers;

(h)    Any Manhattan Hospital Tail Claim or Westchester Hospital Tail Claim [As defined in the motion found at Docket No. 1710];

(i)    Any claim arising from the Settlement Agreement Between and Among Saint Vincents Catholic Medical Centers of New York and The Committee of Interns and Residents/SEIU and Certain Physicians and Nurse Practitioners as approved by the Order of the Court dated October 29, 2010 [Docket No. 1066] and any postpetition claims of any physician participating in the Tail Fund relating to such Settlement Agreement; and

2

(j)     Any postpetition claims of vendors arising in the ordinary course of business with the Debtors relating to the Debtors' operations in connection with the US Family Health Plan.

THE ADMINISTRATIVE BAR DATE ALSO DOES NOT APPLY TO CLAIMS THAT AROSE ON OR BEFORE APRIL 14, 2010. IF YOUR CLAIM AROSE ON OR BEFORE APRIL 14, 2010, THIS NOTICE DOES NOT AFFECT YOU, AND YOU DO NOT NEED TO FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM.

YOU SHOULD NOT FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM IF YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AGAINST THE DEBTORS, OR IF THE ADMINISTRATIVE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

THIS NOTICE IS BEING PROVIDED TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID ADMINISTRATIVE CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE READ THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

3.      WHEN AND WHERE TO FILE

Except as provided for herein, all original Administrative Proof of Claim Forms (and, where necessary, accompanying documentation) must be filed so as to be received on or before **August 2, 2011**, at 4:00 p.m. (prevailing Eastern Time), at the following address:

| IF SENT BY FIRST-CLASS MAIL: | IF BY HAND DELIVERY OR OVERNIGHT MAIL: |
|---|---|
| Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC Grand Central Station, P.O. Box 4834 New York, NY 10163-4834 | Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017 |

4.      WHAT TO FILE

All requests for allowance and payment of administrative claims must include all documents establishing the alleged claimant's right to such administrative claim and all corresponding documents proving the administrative nature of the claim. Administrative Expense Claim forms may be obtained from SVCMC's website at http://www.svcmcrestructuring.com or by calling 866-778-1023.

Any holder of an Administrative Expense Claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers appears at the end of this Notice.

5.      CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE CLAIM BY THE FIRST ADMINISTRATIVE CLAIMS BAR DATE

Except with respect to claims of the type set forth in section 2 above, any holder of an administrative claim who fails to properly file a request for allowance and payment of such administrative claim, with appropriate supporting documentation, on or before the Administrative Claim Bar Date for any Administrative Claim against the Debtors will be forever barred, estopped, and enjoined from asserting such claim against the

Debtor, its estate or its property, and the Debtor's estate, and its property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the potential claimant shall not be permitted to participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

### 6.   RESERVATION OF RIGHTS

The Debtors reserve the right to dispute or to assert offsets or defenses against, any filed Administrative Proof of Claim as to nature, amount, liability, priority, classification or otherwise.

A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM.

Questions concerning this Notice should be directed to the Debtors' claims agent, Epiq Systems at 866-778-1023.

Dated:   July 7, 2011
New York, New York

BY ORDER OF THE COURT

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
Gregory G. Plotko

Telephone: (212) 715-9100

*Counsel for Debtors and Debtors in Possession*

4

**DEBTORS**

| Debtor | Case Number | Tax I.D. Number | Other Names Used and D/B/As |
|---|---|---|---|
| Saint Vincents Catholic Medical Centers of New York | 10-11963 | 13-4077996 | Saint Vincent Catholic Medical Centers<br>SVCMC Home Health Agency<br>Saint Vincents Catholic Medical Centers of New York |
| 555 6th Avenue Apartment Operating Corporation | 10-11971 | 13-3452797 | 555 6th Avenue Apartment Operating Corporation<br>Staff House |
| Bishop Francis G. Mugavero Center for Geriatric Care, Inc. | 10-11965 | 11-3097213 | Bishop Mugavero<br>Bishop Francis J. Mugavero Center for Geriatric Care, Inc. |
| Chait Housing Development Corporation | 10-11966 | 26-0380097 | Chait House<br>Chait Housing Development Corporation |
| Fort Place Housing Corporation | 10-11967 | 20-4284224 | Fort Place<br>Fort Place Housing Corporation |
| Pax Christi Hospice, Inc. | 10-11968 | 13-2780838 | Pax Christi<br>Pax Christi Manhattan; Pax Christi SI |
| Sisters of Charity Health Care System Nursing Home, Inc. d/b/a Saint Elizabeth Ann's Health Care & Rehabilitation Center | 10-11969 | 13-3603599 | St. Elizabeth Ann's; St. Elizabeth Ann's Health Care & Rehabilitation Center<br>SEA |
| St. Jerome's Health Services Corporation d/b/a Holy Family Home | 10-11970 | 11-2948924 | Holy Family Home |
| SVCMC Professional Registry, Inc. | 10-11972 | 06-1256983 | CMC Professional Registry |

5

EXHIBIT F