EXHIBIT G

Order Enforcing the Plan Injunction, August 19, 2013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
SAINT VINCENTS CATHOLIC MEDICAL                            :   Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,[1]                            :
                                                           :
                        Debtors.                           :   Jointly Administered
                                                           :
---------------------------------------------------------- x

## ORDER ENFORCING THE PLAN INJUNCTION

### [RELATED DOCKET NO. 3626]

Upon the motion (the "**Motion**"),[2] of Eugene I. Davis, as trustee (the "**Liquidating Trustee**") of Saint Vincents Catholic Medical Centers of New York Liquidating Trust under the *Debtors' Second Amended Joint Chapter 11 Plan*, dated as of June 21, 2012 (the "**Plan**"), seeking entry of an order (i) enjoining the Plaintiff from taking any action to prosecute the State Court Action against the Debtor Defendants; (ii) declaring as void *ab initio* the State Court Action as against the Debtor Defendants; and (iii) awarding the Liquidating Trustee his costs and attorneys' fees incurred in connection with this Motion and other efforts to enforce the Plan Injunction, all as more fully set forth in the Motion; the Court having reviewed the Motion and the response filed to the Motion; having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); and having considered the evidence presented at the Hearing; the Court finding that (a) the Court has jurisdiction over

---

[1] In addition to SVCMC, the Debtors in these cases were as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. (collectively, the "**Debtors**"). There are certain affiliates of SVCMC who were not Debtors.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

104979783

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 12.1 of the Plan, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the *Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, Acting C.J.); and (c) notice of the Motion being sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Plaintiff is hereby enjoined from taking any action to prosecute the State Court Action against the Debtor Defendants.

3. The State Court Action is hereby declared void *ab initio* as against the Debtor Defendants.

4. The Plaintiff shall take all actions necessary dismiss the State Court Action against the Debtor Defendants with prejudice (the "**Dismissal**").

5. The Plaintiff shall provide counsel to the Liquidating Trustee with evidence of the Dismissal not later than September 30, 2013.

6. Counsel to the Liquidating Trustee shall file an affidavit (the "**Affdiavit**") setting forth the Liquidating Trustee's fees and expenses incurred in connection with defending against the State Court Action, the Motion and other such communications with the Plaintiff and/or her counsel.

7. Consistent with the Court's rulings on the record at the Hearing, the Court will enter a further order awarding the Liquidating Trustee certain of his costs and attorneys' fees incurred in connection with defending against the State Court Action.

8. Consistent with the Court's rulings on the record at the Hearing, the Court reserves the right to enter a further order awarding the Liquidating Trustee certain of his costs and attorneys' fees incurred in connection with the Motion.

9. The Court shall retain jurisdiction over any and all issues arising from or related to this Order.

Dated: August 19, 2013
New York, New York

/s/ Cecelia G. Morris
THE HONORABLE CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE