EXHIBIT H

Letter from Menkes to Hon. Cecelia G. Morris, August 16, 2013

(Document Filed August 22, 2013)

# SHERYL R. MENKES
## ATTORNEY AT LAW

325 Broadway  
Suite 504  
New York, NY 10007

(212) 285-0900

FAX (212) 658-9408

August 16, 2013

Hon. Cecelia G. Morris  
Bankruptcy Court  
One Bowling Green 10004

RE: In re:  
Saint Vincent's Catholic Medical Centers of  
New York, et.al.  
Brophy v. Holy Family  
Chapter 11  
Case No.: 10-11963

Dear Judge Morris:

    I was before Your Honor representing Elaine Garvy as administratrix of the Estate of Ronald Brophy in oral argument yesterday, August 15, 2013.

    At the conclusion of the oral argument Your Honor awarded the Trustee legal fees for their State Court appearance and work in the amount $850.00/hour.

    I respectfully ask Your Honor to reconsider this ruling. This would present a financial hardship for me, as I do not have the funds with which to pay.

    As Your Honor knows, I am solo practitioner. What is more, my cases are taken on contingency. Since the debtor was the primary tortfeasor in this case, my client no longer has a viable cause of action. I have to date, spent $8,836.00 in litigation the nursing home abuse case, which I will not be able to recoup. *(Exhibit A).*

    In addition, I did not proceed in state court in willful disregard of the Bankruptcy Court. I apparently misapprehended that there was no insurance available. I enclose my State Court

papers that clearly outline my arguments centering on liability insurance which is outside of the property of the estate. I also respectfully refer Your Honor to *Chevron Oil Company v. Dobie* 40 NYS2d 712, 358 NE 2d 504, 389 NYS2d 819 (1976) and *State v. Wilkes*, 41NY 2d 655, 394 NYS2d 894, 363 NE 555(1979) upon which I relied for concurrent jurisdiction permitting me to proceed in State Court. *(Exhibit B).*

I thank you for your consideration.

Respectfully,

Sheryl R. Menkes

CC: Sarah Shultz
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201-4624

# EXHIBIT A

Brophy

| PAYEE | DATE | AMOUNT | REASON | CHECK NO. |
|---|---|---|---|---|
| Lutheran Medical Center | 9/16/10 | $571.50 | Medical Records | 1343 |
| Lutheran Augustana | 7/29/10 | $108.75 | Medical Records | 1224 |
| Healthport | 8/18/10 | $331.25 | Medical Records | 1283 |
| Metropolitan Jewish | 12/1/10 | $99.00 | Medical Records | 1475 |
| Lutheran Augustana | 6/22/11 | $64.38 | Medical Records 2nd admis | 1646 |
| Forerunner Medical Consultants | 11/17/11 | $1,332.50 | Organization of records | 1067 |
| Forerunner Medical Consultants | 11/17/11 | $520.00 | Review of records | 1068 |
| Supreme Court, Kings County | 6/1/12 | $210.00 | Osc Index Number | 1610 |
| Bensonhurst Center | 10/23/12 | $164.25 | Medical records | 1925 |
| Kings County Clerk | 1/2/13 | $210.00 | Summons w/ Notice all def | 2056 |
| Ackerman Court Service | 3/20/13 | $21.40 | filed summons w/ notice | 2152/split check |
| Forerunner Medical Consultants | 4/5/13 | $5,203.03 | Medical Records Review | 2178/Split Check |
|  |  | $8,836.06 |  |  |

# EXHIBIT B

Ackerman Court Service

At an IAS Part of the Supreme Court
of the State of New York, held in and for
the County of Kings at 360 Adams
Street, Brooklyn, New York
, on the 24th Day of June 2013

PRESENT:

Hon. Bert Bunyan

KINGS COUNTY CLERK
FEE PD $ 45.00

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

                Plaintiff's

**ORDER TO SHOW CAUSE**
Index Number 218/2013

-against-

LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM CARE,
METROPOLITAN JEWISH LHCSA, HOMEFIRST
LHCSA, INC., LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION INC.,
HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC
MEDICAL CENTERS OF NEW YORK a/k/a SAINT
VINCENTS CATHOLIC MEDICAL CENTERS a/k/a
SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,[1]

                Defendants.
-------------------------------------------------------------X

---

[1] BENSONHURST CENTER FOR REHABILITATION AND HEALTHCARE and KFG OPERATING TWO, LLC, were successors in interest to HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, and therefore are not parties to this action.

UPON, reading and filing of the affirmation of SHERYL R. MENKES, June 18, 2013 and the exhibits annexed thereto, and all pleadings proceedings had herein, now it is hereby,

LET, EUGENE I. DAVIS the LIQUIDATING TRUSTEE for ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, show cause before this Court at IAS Part 5' thereof, at the Supreme Court, State of New York, Kings County 360 Adams Street, Brooklyn, New York, room 438 on the 31st day of July 2013 at 9:30 am in the forenoon of that day or as soon thereafter as counsel may be heard,

WHY, an order should not be entered compelling EUGENE I. DAVIS the LIQUIDATING TRUSTEE for ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, to lift the stay on plaintiffs personal injury claim on HOLY FAMILY HOME, and ST VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENT'S MANHATTAN, as plaintiff's personal injury claim is an exception to the automatic stay up to the limits of insurance coverage existing at the time of decedent's injuries, and plaintiff was a known creditor prior to the bar date of the bankruptcy proceedings and the debtors ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, failed to give plaintiff the requisite formal notice of said proceedings and bar date.

SUFFICIENT CAUSE, appearing therefore, let service of a copy of this order, together with the papers upon which it is based by _personal service_ upon EUGENE I. DAVIS, LIQUIDATING TRUSTEE for ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENTS CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, Akin Gump Strauss Hauer & Feld

LLP, ~~One Bryant Park, Bank of America Tower, New York, New York 10036~~ on or before the ___ 2nd day of July, 2013 be deemed good and sufficient.

SUFFICIENT CAUSE, let service of a copy of this order, together with the papers upon which it is based upon remaining defendants CATALANO, GALLARDO & PETROPOULOS LLP, ~~100 Jericho Quadrangle Suite 326, Jericho, New York 11753~~, Attorneys for LUTHERAN AUGUSTANA CENTER FOR EXTENDED CARE AND REHABILITATION, INC.; KAUFMAN, BORGEEST & RYAN LLP, ~~200 Summit Lake Drive, Valhalla, New York 10595~~ Attorneys for METROPOLITAN JEWISH HOME CARE, INC., METROPOLITAN JEWISH LONG TERM CARE, METROPOLITAN JEWISH LHCSA, HOMEFIRST LHCSA, INC; and WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, ~~150 East 42nd Street, New York, New York 10017~~, and any other person/entity authorized to work in Attorneys for LUTHERAN MEDICAL CENTER by personal service on or before the 2nd day of July 2013 be deemed good and sufficient.

DATE: New York, New York
June 19, 2013

ENTER:

_____
J.S.C.

HON. BERT A. BUNYAN
JUSTICE N.Y.S. SUPREME COURT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ELAINE GARVEY, as administratrix of the Estate of
RONALD BROPHY, deceased,

                           Index Number:
                           218/2013

          Plaintiff,
-against-                                 AFFIRMATION
                                           IN SUPPORT OF
                                           ORDER TO SHOW
LUTHERAN MEDICAL CENTER, METROPOLITAN       CAUSE
JEWISH HOME CARE, INC., METROPOLITAN
JEWISH LONG TERM HOME CARE, METROPOLITAN
JEWISH LHCSA, HOMEFIRST LHCSA, INC.,
LUTHERAN AUGUSTANA CENTER
FOR EXTENDED CARE AND REHABILITATION, INC.,
HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC MEDICAL CENTERS
OF NEW YORK a/k/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN,
BENSONHURST CENTER FOR REHABILITATION
AND HEALTHCARE and KFG OPERATING TWO, LLC,

          Defendants.
------------------------------------------------------------------X

    SHERYL R. MENKES, an attorney duly licensed to practice law before the Courts of the State of New York affirms under the penalty of perjury

1. I am attorney for plaintiff herein.

2. The basis of my knowledge are the files I maintain in my law office.

3. This is a statutory case of nursing home abuse and neglect brought pursuant to New York Public Health Law Section 2801-d.

4. This affirmation is submitted in support of plaintiff's Order to Show Cause to compel the bankruptcy trustee to lift the bankruptcy stay on HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS

MANHATTAN, so plaintiff can proceed in state court with her as plaintiff's personal injury claim, as plaintiff's personal injury claim is an exception to the automatic stay up to the limits of insurance coverage existing at the time of decedent's injuries at HOLY FAMILY HOME; and both HOLY FAMILY HOME and ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, were apprised of plaintiff's contingent claims prior to the bankruptcy bar date, and as such were under the obligation to give plaintiff formal notice of the bankruptcy and Bar Date so plaintiff could participate in the bankruptcy proceeding, which they failed to do.

**BACKGROUND**

5. Decedent was a patient at HOLY FAMILY HOME located at 1740 84th Street, Brooklyn, New York 11214 from 3/25/-10-5/24/10, and from 5/27/10 to 6/6/10 wherein he sustained pressure ulcers that ultimately caused his death.

6. ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, was the operator of the facility known as HOLY FAMILY HOME during the relevant time periods. During decedent's residency thereat he sustained pressure ulcers that ultimately caused his death. (**Exhibit A**).

7. Decedent died on June 13, 2010. (**Exhibit B**).

8. Decedent's daughter, Elaine Garvy retained the services of the MENKES LAW FIRM to prosecute this claim on behalf of decedent on July 12, 2010. (**Exhibit C**).

9. Plaintiff was entitled to receive decedent's medical records prior to appointment as administrator of decedent's estate pursuant to New York Public Health

Law Subdivision 1, Section 18(g).

10. Plaintiff sent a HIPPA Complaint Authorization, to Holy Family Nursing Home, along with a copy of the New York Public Health Law Subdivision 1, Section 18(g) on requesting decedent's medical records on July 23, 2010. The authorization clearly indicated that the request was made for the purpose of litigation. The cover letter addresses this as well. **(Exhibit D)**.

11. Having been advised that HOLY FAMILY HOME was no longer in existence, and decedent's records had not yet been provided, plaintiff attempted to gather same through ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN, where she was advised the decedent's record were housed.

12. Plaintiff sent authorizations with cover letters indicating that these records were needed for the purposes of litigation to the medical records department of ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN on September 21, 2010, and again on October 18, 2010.. **(Exhibit E)**.

13. Plaintiff, not having received notice of defendants' bankruptcy, commenced her action by filing a summons with notice on January 4, 2013, which listed listing HOLY FAMILY HOME, ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN as defendants. **(Exhibit F)**.

14. The Summons with Notice was served on April 19, 2013. **(Exhibit G)**.

15 When no demand for a complaint was made plaintiff's attorney hired an

investigator look into it. The investigator advised that as of April 4, 2010, the defendants had commenced a Bankruptcy Proceeding and that the Bar Date for filing claims was 10/12/10.

16. Through the information the investigator provided, plaintiff's attorney was able to track down and contact the Liquidating Trustee and advise his staff that she was of the opinion that the stay should be lifted so that plaintiff could proceed with her personal injury claim up to the limit of the facility's liability insurance policy in effect during decedents residency at HOLY FAMILY HOME.

17. The staff of the Liquidating Trustee refused and began writing plaintiff's attorney threatening letters. (Exhibit H).

18. Since these defendants had not been formally served with the complaint, within the 120 days of filing, and the fact that plaintiffs statue of limitation expired on June 10, 2013, plaintiff commenced another action timely on June 5, 2013 under index number 10404/2013 thereby giving her 120 days to effectuate service. (Exhibit I).

19. Plaintiff now moves this Court to issue an order compelling the liquidating trustee to accept plaintiffs summons and complaint against said defendants on the bases that plaintiff's personal injury claim is an exception to the automatic bankruptcy stay up to the limits of the insurance policies in existence at the time of the injury; and the fact that plaintiffs contingent claim was known to these defendant debtors prior to the Bankruptcy Bar Date, which required them to give plaintiff formal notice of the proceedings and Bar Date, which they failed to do.

## LEGAL ANALYSIS

20. It is settled law that New York Courts have concurrent jurisdiction with

federal courts to interpret the Bankruptcy Code. *Chevron Oil Company v. H. Dobie 40 NYS2d 712, 358 N.E. 2d 504, 389 N.Y.S. 2d 819 (1976); State v. Wilkes, 41NY 2d 655, 394 NYS2d 849 363NE 555 (1977).* In addition, New York Courts have the authority to determine the effect of a debtor's discharge in bankruptcy on third parties such as insurers. *Lumberman Mutual Cas. Co. .v Morse Shoe Co., 218 AD2d 624, 630 NYS2d 1003 (1ˢᵗ Dept. 1995); Vleming v. Chyrsler Corp., Dodge Div., 90 AD2d 733, 455 NYS2d 293(2nd Dept. 1982).*

21. It further settled, that with regard to the applicability of U.S.C. Section 524(e), the failure of a creditor to file a notice of claim does not bar the continuation of a claim by said creditor if there are third parties, such as insurers who are liable for said debt. *In re Jet Florida Systems, Inc., 883 F2d 970(11th Cir. 1989).* What is more, 11 USC 524(e) promulgates that the discharge of debtors does not affect liability of any third-party such as liability insurers, liable for such debt or a pending lawsuit, thus the failure of a creditor to file a notice of claim in these circumstance does not bar the continuation of the claim by that creditor. *Id.*

22. Similarly, New York State Case Law specifically holds that a bankruptcy discharge does not bar a pending law suit where the debtor has liability insurance coverage for the events forming the basis of the law suit. *Roman v. Hudson Telegraph Associates, 11AD3d 346, (1ˢᵗ Dept. 2004); Lumbermans Mutual Casualty Company v. Morse Shoe Company, 281 AD2d 624 (1ˢᵗ Dept. 1995); Minafari v. United Artists Theatres, Inc. 5 Misc23d 474 (Supreme Court, Westchester County 2004); Adrianiv. Czmus, 153 Misc 2d 38 (Supreme Court New York County 1992).*

23. New York Insurance Law Section 3420(a)(1) mandates:

> "No policy or contract insuring against liability for injury to person, except as provided in subsection (g), hereof, or against liability for injury or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and judgment creditors so far as such provisions relate to judgment creditors: (1) A provision that the insolvency or bankruptcy of the person insured, or the insolvency of his estate, shall not release the insurer from payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract."

As noted, *supra*, 11 USC 524(e) permits recovery of a debt against any other entity obligated to pay or liable for such debt.

24. When 11USC Section 524(a)(e) and Insurance Law Section 3420(a)(1) are read together, it is clear that an insurer is obligated to provide coverage and indemnify a defendant when the debtor defendant files bankruptc, provided, as here, the loss or event sued for occurs during the life of the policy. *Roman v. Hudson Telegraph Associates,* 11AD3d 346, (1st Dept. 2004); *Lumbermans Mutual Casualty Company v. Morse Shoe Company,* 281 AD2d 624 (1st Dept. 1995); *Minafari v. United Artists Theatres, Inc.* 5 Misc23d 474 (Supreme Court, Westchester County 2004); *Adriani v. Czmus,* 153 Misc. 2d 38 (Supreme Court New York County 1992).

25. In fact the case at hand, is a personal injury claim that arose prior to the bankruptcy of HOLY FAMILY NURSING HOME is analogous to *Manfari*. In *Manfari* the personal injury plaintiff was permitted to continue their action against the debtor defendant despite the fact that the Federal Court had issued an order enjoining anyone from proceeding with suits against the debtor. The *Manfari* Court held that in these circumstances the plaintiff was not equired to file a notice of claim in the bankruptcy proceeding. Similar results were reached in cases with similar facts *Adriani v. Czmus,* 153 MISC 2d 38 (Supreme Court New York County 1992) and *Green v. Welsh,* 965

*F,2d 30 (2d Cir); Matter of Edgeworth, 993 F.2d 51 n.6 (5th Cir).* Thus it is clear that plaintiff here is entitled to commence and continue her claim against these debtors up to the amount of the liability policy in existence at the time of decedent's residency and injury at HOLY FAMILY HOME.

26. Plaintiff is also entitled to maintain her action on the basis that she did not receive formal notice debtor's bankruptcy proceedings.

27. As detailed above plaintiff sent HIPPA complaint authorizations for decedent's medical records from HOLY FAMILY HOME to both HOLY FAMILY HOME and ST VINCENTS RISK ASSURANCE, prior to the Bankruptcy Bar Date. These authorizations clearly stated the purpose of the request was litigation. Thus the debtor had knowledge of plaintiff's claim.

28. Constitutional implications arise when a known creditor fails to receive formal notice of a bankruptcy proceeding. *In re Harlopouolos, 118 F3d 1240 (8th Cir. 1997).* A known creditor has the right to adequate notice and a meaningful opportunity to participate in the bankruptcy proceeding. *In re Avery, 124 B.R. 447 (Bankr. N.D. Ga. 1991).* Due process requires that a party receive notice, which is reasonably calculated, under all circumstances, to apprise interested parties of the pending action so that they can present view and protect their rights. *See Mullan v. Central Hanover Bank & Trust Co., 339 US 306 (1950).*

29. The liquidating trustee had advised that notice was published but did not state wherein, nevertheless, published notice is not formal notice and it is not reasonably, calculated to reach an individual plaintiff bringing a personal injury claim on behalf of her father who has no reason to follow corporate bankruptcies.

30. Exception to the discharge are found at Section 523(a)(3)(B) of the Bankruptcy Code which provides that a debt is not dischargable if, as here, the debtor failed to list or schedule the debt of a known creditor which precludes the creditor the right to timely filing of a proof of claims. Where as here, the creditor plaintiff is known by the debtor defendants, but not given notice of the bar date, the creditor plaintiff is not required to file said notice of claim before the designated bar date. (*11 USCA Section 523 (c)(1); Fed. Rules Bankr.Poc., Rule 4007*).

31. Similarly, 11 USC Section 1141 does not discharge the debt of a creditor plaintiff that was known to a corporate debtor defendant, but the corporate debtor defendant failed to give notice to the creditor plaintiff of the bar date for filing proof of claim. *In re Adam Glass Service, Inc., 173 B.R. 842 (EDNY 1994); 1440 Richmond Realty Corp., v. Four Bridges Development Corp. 188 Misc 2d 42 (Supreme Court Richmond County 2001).* The burden rests on the debtor to establish that the known creditor had **actual notice**. (Emphasis Added). *Graber v. Gault, 103 App. Div 511, 93 NYS 76; Weiner Fur Corporation v. Levy City Ct. N.Y. 40 NYS2d 344.* Thus it is clear that plaintiff's personal injury claim which was known to the debtors prior to the bankruptcy bar date, and to whom no actual notice of said bar date was given is not discharged by debtor defendants' bankruptcy proceedings.

32. The United States Bankruptcy Court for the Southern District of Ohio has ruled that to permit discharge of a personal injury claim, where as here, the debtor defendant had knowledge of the claim prior to the Bar Date, yet failed to provide the claimant actual notice of the bankruptcy proceeding would violate the claimant's right to due process. *In the Matter of Federated Department Stores Corporation, 158 B.R. 103*

(1993) *quoting Reliable Electric Co., Inc. V. Olson Constr. Co. 726 F. 2d. 620 (10th Cirt 1984).*

33. In *Federated,* an analogous matter, the *Federated* plaintiff maintained that *Federated* was well aware of her contingent liability for plaintiff's injuries prior to the bankruptcy bar date, and as a result that plaintiff should have been served with formal notice o fsame. Both the State Court and the Bankruptcy Court agreed. The Bankruptcy Court held that without receipt of formal notice which is "an elementary and fundamental requirement of due process in any proceeding which is to be afforded finality" the discharge in the confirmation order has no application to the plaintiff, and she is therefore entitled to proceed with the state court action with all rights to levy execution on any favorable judgement just as if there had never been a bankruptcy. *Federated, quoting Mullins v. Central Hanover Bank & Trust Co., 339 US 306, 70 s. Ct. 652 94 L.Ed. 865(1950);*

34. As held in *Alam v. AMF Bowling Centers, Inc., 798 NYS2d 707 (Supreme Court Nassau Cty. 2004),* a another highly analogous matter, a personal injury plaintiff would have no reason to know that a corporate debtor had filed for bankruptcy without formal notice, and without formal notice having been served prior to the bar date, plaintiff's claim was not barred by the bankruptcy discharge. The *Alam* Court went on to hold that since the defendant debtors failed to serve a known personal injury creditor with a contingent liability claim actual notice of the bankruptcy proceedings, plaintiff was permitted to continue her personal injury claim in state court.

35. From these cases it is clear, plaintiff's contingent personal injury claim may proceed against HOLY FAMILY HOME, ST. VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK a/k/a SAINT VINCENT CATHOLIC MEDICAL CENTERS a/k/a SVCMC-ST VINCENTS MANHATTAN by virtue of liability

insurance outside of the property of the Bankruptcy Estate, or alternatively, on the basis of due process since the defendant debtors failed to provide plaintiff, a known contingent liability creditor, with actual notice of the bankruptcy proceedings or the bar date.

WHEREFORE, plaintiff asks for an Order granting her motion in its entirety.

No prior application has been made for the relief requested herein.

Dated: New York, New York
June 19, 2013

*[signature]*
Sheryl R. Menkes
Attorney for Plaintiff
325 Broadway Suite 504
New York, New York 10007
(212) 285-0900