UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

SAINT VINCENT'S CATHOLIC MEDICAL
CENTERS OF NEW YORK, et al

-----------------------------------------------------------x
ELAINE GARVY, as Administrator of the Estate
 of Ronald Brophy,

              Appellant,

     -against-

EUGENE I. DAVIS, LIQUIDATING
TRUSTEE FOR THE SVCMC LIQUIDATION
TRUST,

              Appellee.
-----------------------------------------------------------x

13 Civ. 6902 (PKC)

Chapter 11 Case No.
10-11963 (CGM)

MEMORANDUM
AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/14

CASTEL, District Judge:

        Plaintiff Elaine Garvy appeals from the Order Enforcing the Plan Injunction entered by the Bankruptcy Court for the Southern District of New York (Morris, C.J.) on August 19, 2013 (the "Enforcement Order"). Garvy had filed suit against certain debtors in the jointly-administered bankruptcy cases of Saint Vincent's Catholic Medical Centers of New York ("SVCMC") and certain of its affiliates in the Supreme Court of Kings County (the "State Court Action"). The debtor-defendants moved in the bankruptcy court for an order enforcing the automatic stay. The Enforcement Order enjoined Garvy from prosecuting the State Court Action against the debtor-defendants, declared the State Court Action void <u>ab initio</u> as against the debtor-defendants, directed Garvy to dismiss the State Court Action with prejudice, and provided that the bankruptcy court would enter a further order awarding certain costs and attorneys' fees incurred in connection with defending against the State Court Action.

        For the reasons that will follow, Garvy's appeal is denied as moot. With respect

to sanctions, the matter is not ripe for appellate review in this proceeding.

BACKGROUND

On April 14, 2010, SVCMC and certain of its affiliates (collectively, the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code. (Dkt. No. 1, In re St. Vincent's Catholic Med. Centers of New York, No. 10-11963 (CGM) (Bankr. S.D.N.Y.)) Once the petitions were filed, the Bankruptcy Code provided an automatic stay of all actions against the Debtors. 11 U.S.C. § 362. The bankruptcy court entered an order confirming the Debtors' plan of reorganization (the "Plan") on June 29, 2012, and by its terms the Plan became effective on the same date (the "Effective Date"). (Dkt. No. 8, App. 16)[1] The Plan discharged and released all claims against the Debtors and their estates that arose prior to the Effective Date, and further extended the automatic stay until the closing of the chapter 11 cases, enjoining any person from taking any action in furtherance of the prosecution of any claims against the Debtors. (Id.) The Plan also appointed Eugene I. Davis (the "Liquidating Trustee") as the liquidating trustee of the Debtors' bankruptcy estates. (Id.)

Elaine Garvy appears in this suit in her capacity as administratrix of the estate of her deceased father, Ronald Brophy. According to the Verified Complaint filed in the State Court Action, from March 25 to June 6, 2010 Brophy was a patient and resident of Holy Family Home, a nursing home in Brooklyn owned and operated by St. Jerome's Health Services Corporation d/b/a Holy Family Home ("Holy Family"), one of the Debtors. (Dkt. No. 8, App. 21, Ex. D) Brophy allegedly developed pressure ulcers during his time at Holy Family Home that allegedly led to his death on June 13, 2010, one week after his discharge from the facility. (Id.)

---

[1] Unless otherwise noted, docket citations refer to the docket of the instant appeal, 13 Civ. 6902.

2

Approximately two-and-a-half years later, on January 4, 2013, Garvy brought the State Court Action on behalf of Brophy against a number of entities including SVCMC and Holy Family by filing a summons with notice in the Supreme Court of Kings County, New York. Garvey v. Lutheran Med. Center, Index No. 218/2013 (N.Y. Sup. Ct., Kings Cty.); Dkt. No. 8, App. 21, Ex. C. The Liquidating Trustee learned of the State Court Action on or about April 18, 2013, when post-Effective Date SVCMC was served with the summons. (Dkt. No. 8, App. 22) The Liquidating Trustee responded on April 30, 2013 by sending a letter to Ms. Garvy's counsel, which informed counsel of the Debtors' discharge and the injunction extending the automatic stay, demanded the withdrawal of the State Court Action, and stated that if the State Court Action was not withdrawn, the Liquidating Trustee would move in the bankruptcy court to enforce the automatic stay and seek attorneys' fees and damages. (Dkt. No. 8, App. 21, Ex. E) In email correspondence over the following three months, Garvy's counsel repeatedly induced the Liquidating Trustee to delay filing its motion to enforce the stay by representing that she would advise her client to withdraw the State Court Action as soon as Garvy returned from a vacation. (Dkt. No. 8, App. 21, Ex. H)

While continuing to represent that she would recommend withdrawal of the State Court Action and that she anticipated such withdrawal, on June 19, 2013, Garvy's counsel sought, ex parte, and obtained an order to show cause in state court (the "Order to Show Cause"). The Order to Show Cause required the Liquidating Trustee to appear in state court and show cause why "an order should not be entered compelling [the Liquidating Trustee] to lift the stay on plaintiffs [sic] personal injury claim [against the Debtors] . . . ." (Dkt. No. 8, App. 21, Ex. I) This Order was not served on the Liquidating Trustee until July 19, 2013. Shortly after learning about the Order to Show Cause, the Liquidating Trustee filed a motion to enforce the automatic stay in bankruptcy court on July 29, 2013. (Dkt. No. 8, App. 21)

3

On August 15, 2013, the bankruptcy court held a hearing on the Motion to Enforce. At the conclusion of the hearing, the bankruptcy court granted the Motion to Enforce and indicated that it would award certain attorneys' fees to the Liquidating Trustee. (Dkt. No. 8, App. 24) The bankruptcy court subsequently entered the Enforcement Order on August 19, 2013. (Dkt. No. 8, App. 26) On August 22, 2013, Garvy's counsel filed a letter that the bankruptcy court construed as a motion for reconsideration. (Dkt. No. 8, App. 33) While this motion was pending, on August 27, 2013, Garvy filed a Notice of Appeal of the Enforcement Order in this Court. (Dkt. No. 1) On September 6, 2013, Garvy moved in the bankruptcy court for a stay of the Enforcement Order pending the resolution of her appeal to this Court. (Dkt. No. 8, App. 30) The bankruptcy court held a hearing on both the motion for reconsideration and the motion for a stay pending appeal on September 19, 2013. (Dkt. No. 8, App. 32) On September 26, 2013, the bankruptcy court entered orders denying both motions. (Dkt. No. 8, Apps. 33, 34)

After Garvy's request for a stay was denied by the bankruptcy court, on September 27, 2013 she filed a separate application in a new case for an emergency stay of the Enforcement Order, which required Garvy to provide evidence of the dismissal of the State Court Action by September 30, 2013. (Dkt. No. 1, In re St. Vincent's Catholic Med. Centers of New York, 13 Misc. 333 (RA) (S.D.N.Y. Oct. 1, 2013)) On October 1, 2013, Judge Forrest, sitting in her Part I capacity, held a hearing (the "Emergency Stay Hearing") on the motion. At the conclusion of the Emergency Stay Hearing, Garvy's motion for a stay pending appeal was denied. (Emergency Stay Hr'g Tr., Dkt. No. 8, App. 34, at 43:23-44:1) Judge Forrest further issued an order directing Garvy to comply with the bankruptcy court's order to dismiss the State Court Action and serve proof of dismissal on the defendants. (Dkt. No. 8, App. 35) Defendants have asserted that Garvy complied with the order by filing a copy of the Enforcement Order in the State Court Action, voluntarily dismissing the claims with prejudice. Garvy has not disputed

4

this assertion. As Garvy conceded at the Part I hearing, the statute of limitations for her state court claims expired on June 10, 2013. (Emergency Stay Hr'g Tr. 12:11-13:3)

STANDARD OF REVIEW

District courts are vested with appellate jurisdiction over "final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). The district court reviews legal conclusions of the bankruptcy court de novo and factual conclusions for clear error. Fed. R. Bankr. P. 8013; In re Bennett Funding Grp., 146 F.3d 136, 138 (2d Cir. 1998).

DISCUSSION

"The duty of an Article III court is to decide live controversies, 'not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "Accordingly, while, during the pendency of an appeal, events occur that would prevent the appellate court from fashioning effective relief, the appeal should be dismissed as moot." Id. (citations omitted). An appeal from an order of a bankruptcy court may be equitably moot in two situations: (1) when a reorganization is "substantially consummated," and (2) when an unstayed order has resulted in a "comprehensive change in circumstances." In re Gen. Growth Properties, Inc., 423 B.R. 716, 723 (S.D.N.Y. 2010) (collecting cases); see also Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.), 10 F.3d 944, 952 (2d Cir. 1993). Where either of these two circumstances is present, an appellant may overcome the presumption of mootness only by showing that the court can still order some effective relief. Id. at 952-53.

Here, the dismissal of the State Court Action constitutes a comprehensive change

5

in circumstances, and the Court is unable to order any effective relief from the Enforcement Order. The State Court action has been dismissed with prejudice, and, as Garvy concedes, the statute of limitations on the underlying state law claims has run. Thus, even if this Court were to vacate the Enforcement Order, Garvy would be time-barred from re-filing her action in state court.[2] Although Garvy seeks to argue the merits of her claim on this appeal—specifically, whether she is a known or unknown creditor of the Debtors' estates and whether the notice provided to her was legally adequate—these issues are not before this Court. The Enforcement Order did not set forth legal conclusions on either of these issues and provided only the following relief: (1) declared the State Court Action void ab initio as against the Debtors, (2) directed Garvy to terminate the State Court Action with prejudice, (3) enjoined Garvy from further prosecuting the State Court action, and (4) indicated that certain sanctions would be imposed on Garvy's counsel in a subsequent order.

Garvy contends that effective relief is available: she argues that this Court could reverse the Enforcement Order and further enter an order reinstating the State Court Action to the Kings County Supreme Court's active calendar. However, Garvy cites no authority for the proposition that a federal court may unilaterally order a state court to reopen a closed case that has been adjudicated dismissed with prejudice.

As Judge Forrest recognized, the denial of this appeal as moot does not foreclose Garvy from obtaining relief. (Emergency Stay Hr'g Tr. 42:2-21) Garvy has not yet filed a proof of claim in bankruptcy court; although the deadline for filing a timely proof of claim has elapsed, she remains free to seek leave to file a late proof of claim in bankruptcy court on the basis of

---

[2] Though neither party has raised the issue, the Court has considered whether the State Court Action could be revived through the savings provision of the New York CPLR. CPLR § 205(a). The six month savings provision does not apply where an action has been terminated "by a voluntary discontinuance." Here, because Garvy complied with the orders of the bankruptcy court and the district court by dismissing the State Court Action, the voluntary discontinuance exception would apply.

6

excusable neglect. If such an application were granted, Garvy would be able to pursue her claims through certain procedures in the bankruptcy court even though the statute of limitations on her state court claims has expired.

Garvy objects that if the instant appeal is deemed moot, she will be precluded based on what she refers to as "res judicata" from later arguing the underlying issues of whether she was a known or unknown creditor and whether notice was adequate. "Collateral estoppel, or issue preclusion, is the branch of res judicata doctrine that prevents a party from relitigating an issue of fact or law that has been decided in an earlier suit." Wilder v. Thomas, 854 F.2d 605, 616 (2d Cir. 1988) (citation omitted). Collateral estoppel may only be invoked when four requirements have been met: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Wyly v. Weiss, 697 F.3d 131, 141 (2d Cir. 2012) (quoting Marvel Characters, Inc. v. Simon, 210 F.3d 280, 288-89 (2d Cir. 2002)).

While the issues identified by Garvy were discussed at the August 15 Hearing, the bankruptcy court's language indicated the expression of preliminary views on the merits of these issues rather than a final determination of either issue. (Aug. 15, 2013 Tr. at 59 ("[T]his court believes that notice was reasonably given and was sufficient under the circumstances. The plaintiff in this action was more likely an unknown creditor . . . .")) The Enforcement Order itself did not address the adequacy of notice or whether plaintiffs were known or unknown creditors. Accordingly, the Court does not understand the Enforcement Order to preclude argument on these issues in a future proceeding by the creditor seeking approval to file a late notice of claim.

Garvy also contends that the bankruptcy court imposed sanctions on her counsel

7

and seeks to appeal from this purported determination. However, by its terms, the Enforcement Order was not a final order with respect to the issue of sanctions. Rather, the Enforcement Order (1) directed counsel for the Liquidating Trustee to file an affidavit setting forth the fees and expenses incurred in connection with defending against plaintiff's State Court Action, (2) provided that the bankruptcy court "will enter a further order awarding the Liquidating Trustee certain of his costs and attorneys' fees incurred in connection with defending against the State Court Action," and (3) reserved the right for the bankruptcy court to "enter a further order awarding the Liquidating Trustee certain of his costs and attorneys' fees incurred in connection with the Motion." (Dkt. No. 8, App. 26)

Absent a grant of leave to appeal from an interlocutory order, which has not been sought, a district court only has jurisdiction to review "final judgments, orders, and decrees of the bankruptcy courts." 28 U.S.C. § 158(a)(1). Although "the concept of finality that has developed in bankruptcy matters is more flexible than in ordinary civil litigation," In re Fugazy Exp., Inc., 982 F.2d 769, 775 (2d Cir. 1992) (citation omitted), an order of a bankruptcy court may be appealed immediately only if it "finally dispose[s] of discrete disputes within the larger case." In re Johns Manville Corp., 824 F.2d 176, 179 (2d Cir.1987) (citation and emphasis omitted). "[W]ith respect to a meritorious claim for damages, the dispute is not completely resolved until the bankruptcy court determines the amount of damages to be awarded." Fugazy, 982 F.2d at 776 (citations and quotations omitted).

The Enforcement Order left both the quantum of costs and attorneys' fees and the question of whether sanctions would be assessed in connection with the Enforcement Motion to be determined at a future date. Accordingly, the Enforcement Order was not a final order with respect to these issues, which therefore are not ripe for appeal in the instant proceeding. Garvy conceded this at the hearing before Judge Forrest. (Emergency Stay Hr'g Tr. at 36:15) Those

8

issues were in fact finally determined by the bankruptcy court in a March 21, 2014 Memorandum Decision Imposing Sanctions. 506 B.R. 387 (Bankr. S.D.N.Y. 2014). An appeal of that Memorandum Decision has been accepted by the undersigned as related to the instant case. <u>Garvy v. Davis</u>, 14 Civ. 3293 (PKC).

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's appeal is dismissed. Plaintiff's appeal is moot with respect to issues relating to the dismissal of the State Court Action, and is not ripe for appellate review with respect to the bankruptcy court's imposition of sanctions. The Clerk is directed to close the case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 16, 2014